EDUARDO G. ROY (Bar No. 146316)
DANIEL C. QUINTERO (Bar No. 196492)
JOHN R. HURLEY (Bar No. 203641)
PROMETHEUS PARTNERS L.L.P.
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Telephone: 415.527.0255

Attorneys for Plaintiff
DANIEL NORCIA

# UNITED STATES DISTIRCT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a New York Corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey Corporation,<br><br>Defendants. | Case No.: 3:14-cv-582<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750,** *et seq*.<br>2. **UNLAWFUL AND UNFAIR BUSINESS PRACTICES, CALIFORNIA BUS. & PROF. CODE §17200,** *et seq*.<br>3. **FALSE ADVERTISING, CALIFORNIA BUS. & PROF. CODE §17500,** *et seq*.<br>4. **FRAUD**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DANIEL NORCIA, individually and on behalf of all others similarly situated, complains and alleges, by and through his attorneys, upon personal knowledge and information and belief, as follows:

**NATURE OF THE ACTION**

1. Defendants Samsung Telecommunications America, LLC ("Samsung Telecommunications"), and Samsung Electronics America ("Samsung Electronics," collectively with Samsung Telecommunications, "Defendants" or "Samsung") have intentionally misled the public in order to boost sales of the flagship Galaxy S4 smartphones.

2. Specifically, Samsung has programmed these devices to run at higher-than-normal speeds when they detect certain "benchmarking" apps. Benchmarking apps are performance-measuring tools used by reviewers and consumers to test and compare the speed and performance of smartphones and tablets. Samsung intentionally programmed the Galaxy S4 to fool benchmark apps and to create a false perceptions regarding the speed and performance of these devices. Samsung knew that publications and review sites regularly use benchmarking apps to review and evaluate new devices and to compare competing devices.

3. Samsung also knew that if it artificially boosted the performance of its devices when running benchmarking apps, reviewers and the public would falsely believe that the Galaxy S4 was similarly fast in real-world situations. In reality, the processors in the Galaxy S4 run at a lower speed and the artificial performance boost disappears when the devices are performing real-world tasks instead of running benchmarking apps.

4. Samsung intentionally cheated on benchmarking apps to create a false perception regarding the speed and performance of the Galaxy S4, to thereby increase the demand for its new devices, and to support a high price-point for these devices—all to the detriment of the buying public.

5. In addition, Samsung has misled the buying public regarding the storage capacity of the Galaxy S4. Samsung advertised and marketed the Galaxy S4 as having 16 gigabytes (GB) of storage capacity. However, the preinstalled software on the Galaxy S4 uses approximately half of the 16 GB memory, rendering it inaccessible and unusable to the end user.

6. Plaintiffs therefore seek restitution from Samsung for violation of the False Advertising Law and the Unfair Competition Law, damages for fraudulent misrepresentation, and injunctive relief pursuant to the Consumers Legal Remedies Act.

## PLAINTIFFS

7. Plaintiff Daniel Norcia ("Plaintiff" or "Norcia") is an individual residing in the state of California and the County of San Francisco.

## DEFENDANTS

8. Defendant Samsung Telecommunications America, LLC, is a limited liability corporation organized under the laws of the State of New York.  Its principal place of business is in Richardson, Texas.  Samsung Telecommunications distributed and/or sold consumer electronic devices, including the Galaxy S4 smartphone, in this judicial District and throughout California.

9. Defendant Samsung Electronics America, Inc., is a corporation organized under the laws of the State of New Jersey.  Its principal place of business is in Ridgefield Park, New Jersey.  Samsung Electronics distributed and/or sold consumer electronic devices, including the Galaxy S4 smartphone, in this judicial District and throughout California.

## JURISDICTION AND VENUE

10. This Court has personal and subject matter jurisdiction over all causes of action asserted herein.

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  In the aggregate, the claims of Plaintiffs and other members of the putative Classes exceed $5,000,000 exclusive of interest and costs, and members of the Classes are citizens of States different from the States of Defendant's citizenship.

12. This Court has personal jurisdiction over Defendants because Defendants are registered and authorized to conduct business in the State of California, and Defendants conduct business in the State of California by distributing and/or selling consumer electronic devices, including the Galaxy S4, in this District and throughout California.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (d) as Defendants are residents of this District.  Defendants are registered to do business in the State of California

and have subjected themselves to personal jurisdiction and venue by transacting business in this District.

14. Venue is also proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this District. Plaintiff resides in this district and purchased his Galaxy S4 phone in this district.

## GENERAL ALLEGATIONS

### Samsung Mobile Devices

15. Samsung Telecommunications and Samsung Electronics are part of the multinational Samsung Group conglomerate, which is headquartered in Seoul, South Korea. The Samsung Group has subsidiaries across widely varied industries, including shipbuilding, construction, insurance and aerospace as well as consumer electronics. Global revenue for the Samsung Group in 2012 was approximately $268.8 billion. Samsung Electronics Co. Ltd., the parent of Defendant Samsung Electronics, is currently the largest manufacturer (by revenue) of mobile phones in the world.

16. Samsung announced the release of the Galaxy S4 smart phone in mid-March 2013 as an improvement on the Galaxy S III phone. The phone operates on the Google Android operating system. The S4 first became available for purchase in late April 2013, with a retail price of approximately $649.00 on its own, or approximately $249.00 when sold by wireless service providers in conjunction with a two-year wireless service contract.

### Benchmark Manipulation

17. The market for smart phones and tablets is currently dominated by devices running on the Android operating system ("OS") developed by Google, and Samsung is one of several manufacturers that make and market devices running on the Android OS.

18. The OS of a smart phone or tablet largely dictates the experience for the user of the device. Consequently, because the Android OS is used by multiple device manufacturers (unlike Apple's proprietary iOS, for example), Samsung cannot simply rely on the OS as a point of differentiation to drive sales. Instead, in order to gain and keep market share and revenue, Samsung must differentiate its Android OS devices from all the other Android OS devices in the

marketplace. In 2013, Samsung attempted to do this through a scheme designed to mislead reviewers and the public about the speed and performance of its Android OS devices.

19. "Benchmark" apps are programs or applications for smart phones and tablets that run a set of standardized tests and trials in order to assess device performance. By design, running the same benchmark app on different devices allows one to assess the relative performance of the different devices—the device that completes the tests and trials more quickly receives a higher score from the benchmarking app than the slower device. Popular benchmark apps for Android OS mobile devices include Geekbench, Quadrant, Antutu, Linpack, and GFXBench. When new mobile devices are released, reviewers commonly use benchmark apps to compare the devices both to their predecessors and to the competition.

20. Knowing this, Samsung intentionally rigged the S4 to operate at a higher speed when it detected certain benchmarking apps. In versions of the S4 using the Qualcomm Snapdragon 600 processor, Samsung wrote code into the firmware (embedded software) of the S4 to automatically and immediately drive Central Processing Unit ("CPU") CPU voltage/frequency to their highest state, and to immediately engage all four of the processing cores of the CPU.

21. In versions of the S4 using the Samsung Exynos 5410 processor, the firmware also artificially boosts the performance of the Graphics Processing Unit ("GPU"). When benchmarking apps are detected, the GPU runs at a clock speed of 533MHz, while the speed of the GPU is limited to 480 MHz when running other apps.

22. By artificially manipulating the performance of the Galaxy S4 on benchmark tests, Samsung has falsely represented the performance of its phones relative to those of its competitors. Samsung has taken these actions knowing that the benchmarking manipulations would result in false information being communicated to consumers, and that this false information would influence their buying decisions.

23. Samsung intentionally misled the public by boosting the performance of the Galaxy S4. Samsung knew that publications and review sites regularly use benchmarking apps to review and evaluate new devices and to compare competing devices.

24. Samsung also knew that if it artificially boosted the performance of its devices when

running benchmarking apps, reviewers and the public would falsely believe that the Galaxy S4 were comparatively faster than competing devices in real-world situations. In reality, the processors run at a lower speed and the artificial performance boost disappears when the devices are performing real-world tasks instead of running benchmarking apps.

25. Samsung intentionally cheated on benchmarking apps to create a false perception regarding the speed and performance of the Galaxy S4, to thereby increase the demand for its new devices, and to support a high price-point for these devices—all to the detriment of the buying public.

26. Samsung's actions in this regard constituted false and misleading statements in that a reasonable person would consider the Galaxy S4's performance in comparison to competing devices in deciding whether to purchase the Galaxy S4.

## Memory Capacity

27. In their advertising and on the packaging for the Galaxy S4 phone, Samsung has consistently represented that the S4 has 16 GB of storage capacity. (See, e.g., http://www.samsung.com/us/mobile/cell-phones/SCH-I545ZWAVZW-specs) However, Samsung does not disclose that approximately half that storage capacity is not accessible due to preinstalled software.

28. Similarly, the phone's box states that the Galaxy S4 phone has 16 GB of storage capacity, but does not disclose that approximately half that storage capacity is not accessible due to preinstalled software.

29. Samsung knew, but did not disclose that: (a) 16 GB are not actually available to consumers to store files, media and apps on the Galaxy S4; (b) the operating system on the S4 consumes nearly 7 GB of the 16 GB advertised capacity; and (c) that amount of memory used by the operating system is on the Galaxy S4 is much higher (both in terms of total memory and percentage of memory utilized) than for comparable smart phones.

30. Samsung's omission of these facts renders its statements regarding the Galaxy S4's memory capacity deceptive and misleading in that a reasonable a reasonable person would consider the omitted information in deciding whether to purchase the Galaxy S4.

**Plaintiff's Purchase**

31. Plaintiff Norcia purchased a Samsung Galaxy S4 smartphone through Verizon during the first week the phone was on the market. Plaintiff purchased the phone for personal use.

32. After the Galaxy S4 was announced, and in advance of purchasing, Plaintiff Norcia read numerous online reviews of the Galaxy S4, including reviews that discussed the Galaxy S4's speed and performance on benchmark tests. In addition, Plaintiff Norcia viewed the product specifications on Samsung's website and packaging stating that the Galaxy S4 has 16 GB of memory capacity.

33. At no time prior to purchase did Samsung disclose to Plaintiff Norcia that the Galaxy S4 was programmed to cheat on benchmarking tests, that 16 GB are not actually available to consumers to store files, media and apps on the Galaxy S4, that the operating system on the S4 consumes nearly 7 GB of the 16 GB advertised capacity, or that amount of memory used by the operating system is on the Galaxy S4 is much higher (both in terms of total memory and percentage of memory utilized) than for comparable smart phones.

**CLASS ALLEGATIONS**

34. Plaintiff alleges and asserts the claims for relief herein on his own behalf, and further seeks certification of this case as a class action on behalf of similarly situated persons pursuant to Rule 23(b) of the Federal Rules of Civil Procedure.

35. Specifically, Plaintiff requests certification on behalf of the following Classes of persons:

All persons or entities who purchased one or more 16 GB Galaxy S4 phones in the State of California. (The "California Class")

And:

All persons or entities who purchased one or more 16 GB Galaxy S4 phones in the State of California for personal, family, or household purposes. (The "California Consumer Class")

36. Excluded from the Classes are Samsung, its parents and subsidiaries, its officers, directors and their immediate families, the Court and its employees, as well as counsel for the parties.

37. The claims for relief asserted herein satisfy the prerequisites for certification as a class

action pursuant to Federal Rule of Civil Procedure 23(b)(3):

    a. There are questions of law or fact common to the classes;

    b. The claims or defenses of the representative parties are typical of the claims or defenses of the classes;

    c. The representative party will fairly and adequately protect the interests of the class;

    d. The questions of law or fact common to class members predominate over any questions affecting only individual members; and

    e. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

38. <u>Numerosity</u>. The proposed Classes consists an unknown number of individuals likely numbering in the thousands such that joinder of individual claims in a single action would be impracticable.

39. <u>Commonality</u>. Plaintiff's and class members' claims raise predominantly common factual and legal questions that can be answered for all class plaintiffs through a single class-wide proceeding. For example, to resolve the claims of any member of the classes, it will be necessary to answer the following factual and legal questions:

    a. Whether Samsung's advertising, marketing, product packaging and benchmark manipulations were untrue, misleading, or reasonably likely to deceive;

    b. Whether Samsung knew its conduct and statements were false or misleading;

    c. Whether Samsung's statements, conduct and/or omissions were material;

    d. Whether Samsung's conduct violated the California Consumers Legal Remedies Act, Civil Code §1750, *et seq*.

    e. Whether Defendant's conduct constituted unlawful, unfair, and/or fraudulent business practices in violation of California's Unfair Competition Law (the "UCL"), Business & Professions Code §17200, *et seq*.

40. <u>Typicality</u>. Plaintiff's claims are typical of Class members' claims because each arises from a common course of conduct by Samsung.

41. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes.

Plaintiff's interests do not conflict with class interests, and Plaintiff has retained counsel experienced in complex class action litigation to vigorously prosecute this action on behalf of the class.

42. <u>Predominance</u>. Common questions of law and fact predominate over any questions affecting only individual class members and a class action is superior to individual litigation.

43. <u>Superiority</u>. Under the facts and circumstances set forth above, class proceedings are superior to any other methods available for both fair and efficient adjudication of the rights of each member of the Classes, because joinder of individual members of the Classes is not practical and, if the same were practical, said Class members could not individually afford the litigation, such that an individual litigation would be inappropriately burdensome, not only to said citizens, but also the courts.

44. To process individual cases would both increase the expenses and cause delay not only to Class members, but also to Samsung and the Court.

45. In contrast, a class action of this matter will avoid case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

46. Notice of the pendency of the action and of any result or resolution of the litigation can be provided to Class members by direct mail, the usual forms of publication, and/or such other methods of notice as deemed appropriate by the Court.

47. Without class certification, the prosecution of separate actions by individual members of the Class described above would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for defendants, and/or adjudications with respect to the individual members of the Classes that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

48. Defendant has acted or refused to act on grounds that apply generally to the class and

certification is therefore proper pursuant to Federal Rule of Civil Procedure 23(b)(2).

## FIRST CLAIM FOR RELIEF

**Violation of California Consumers Legal Remedies Act, Civil Code §1750, et seq.**

**By Plaintiff and the California Consumer Class Against Samsung**

49. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

50. Plaintiff and the California Consumer Class are consumers as defined by the CLRA.

51. The Galaxy S4 phones are goods within the meaning of the CLRA.

52. Samsung Telecommunications and Samsung Electronics America are suppliers and/or sellers within the meaning of the CLRA.

53. Samsung Telecommunications and Samsung Electronics America violated Civil Code §1770(a)(5) by representing that the Galaxy S4 had characteristics, uses, and benefits that it did not have.

54. Samsung Telecommunications and Samsung Electronics America violated Civil Code §1770(a)(9) by advertising goods or services with intent not to sell them as advertised.

55. Plaintiff and the Class relied on Samsung's misrepresentations and omissions in deciding whether to purchase the Galaxy S4.

56. As a direct and proximate result of Samsung's conduct, Plaintiff and the Class have suffered injury and damage in an amount to be determined at trial.

57. At this time, Plaintiff disclaims damages under the CLRA, but seeks an order from this Court enjoining the conduct alleged herein.

58. Plaintiff reserves the right to amend this Complaint and to assert a claim for damages pursuant to Civil Code §1782.

## SECOND CLAIM FOR RELIEF

**Unfair Competition Law**

**By Plaintiff and the California Class Against Samsung**

59. Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

60. The conduct of Samsung alleged herein constitutes unlawful and unfair business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq.*, in that the violations of the CLRA

also constitute unlawful and unfair business practices under the UCL.

61. The conduct of Samsung alleged herein also constitutes fraudulent business practices in violation of the UCL, Bus. & Prof. Code §17200, *et seq.*, in that said conduct was likely to deceive reasonable consumers.

62. Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such violative conduct. As a direct and proximate result of the conduct alleged herein acts, Plaintiff and the Classes were injured and suffered the loss of money through making purchases that they would not have made, or they would have paid significantly less for them, in the absence of such conduct.

63. Wherefore Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**False Advertising Law**

**By Plaintiff and the California Class Against Samsung**

64. Plaintiff incorporates and re-alleges all other paragraphs as if fully set forth herein.

65. Samsung, with the intent, directly or indirectly, to induce members of the public to purchase Samsung's goods, has made or caused to be made statements to the public in California that were untrue or misleading in violation of Bus. & Prof. Code §17500, *et seq*.

66. Wherefore Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

**Fraud**

**By Plaintiff and the California Class Against Samsung**

67. Plaintiff re-alleges and incorporates by reference all paragraphs set forth above.

68. Samsung's conduct as alleged herein constituted representations of material fact.

69. Samsung's representations were false.

70. Samsung knew the representations were false.

71. Samsung intended for Plaintiff and the Class to rely on those representations.

72. Plaintiff and the Class did rely on those representations.

73. Plaintiff and the Class were directly and proximately harmed by suffering the loss of money through making purchases that they would not have made, or they would have paid significantly less for them, in the absence of such conduct.

74. Samsung's conduct as alleged herein constitutes oppression, fraud, and/or malice such that Samsung is liable for punitive damages.

75. Wherefore Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and the proposed Classes:

    a. An order certifying the proposed class pursuant to Rule 23 and appointing Plaintiff and his counsel to represent the class;

    b. Appropriate injunctive relief and/or declaratory relief, including an order requiring Samsung to cease the conduct alleged herein;

    c. Restitution;

    d. Punitive damages;

    e. Attorneys' fees and costs of suit, including expert witness fees; and

    f. Such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED: February 7, 2014        Respectfully submitted,

PROMETHEUS PARTNERS L.L.P.

By:     /s/ JOHN R. HURLEY
John R. Hurley
Attorneys for Plaintiff
DANIEL NORCIA