PAUL HASTINGS LLP
John P. Phillips (SB# 154412)
johnphillips@paulhastings.com
Sean D. Unger (SB# 231694)
seanunger@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
Samsung Telecommunications America, LLC, and
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CASE NO. 3:14-cv-00582-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DEFENDANTS' OBLIGATION TO RESPOND TO THE COMPLAINT**<br><br>Date: June 18, 2014<br>Time: 9:30 a.m.<br>Dept.: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato<br><br>Complaint Filed: February 7, 2014 |

Case No. 3:14-cv-00582-JD

DEFS' NOTICE OF MOT. AND MOT. TO STAY DEFS' OBLIGATION TO RESPOND TO COMPL.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that, pursuant to Civil L.R. 6-3, Defendants Samsung Telecommunications America, LLC and Samsung Electronics America, Inc. will, and hereby do, move to stay Defendants' obligation to answer or otherwise respond to the Complaint[1] in this action until after the Court has decided the Motion to Compel Arbitration and Request for Stay filed concurrently herewith.

## I. INTRODUCTION

Under Civil Local Rule 6-3, Defendants request an order staying their obligation to answer or otherwise respond to the Complaint pending resolution of the potentially case-dispositive Motion to Compel Arbitration and Request for Stay filed concurrently with this motion. As an initial matter, Defendants' position is that the filing of the Motion to Compel Arbitration and Request for Stay satisfies their obligation to respond to the Complaint. Nevertheless, out of an abundance of caution, Defendants seek this stay to preserve their right to respond to the substantive claims in the Complaint if and when such a response is necessary. Plaintiff's counsel has declined to stipulate to such a stay and has indicated that he believes that this case should proceed on its merits even while the Court decides whether it has jurisdiction to consider Plaintiff's claims. (Decl. of John P. Phillips ¶ 7.) Given that Plaintiff entered into a valid, binding, and enforceable agreement with Samsung to arbitrate all the claims in the Complaint, the Motion to Compel Arbitration and Request for Stay should be decided before Plaintiff is permitted to burden Defendants with proceedings concerning the merits of those claims. Such an outcome would be contrary to the express agreement of the parties to efficiently resolve Plaintiff's claims, if anywhere, in individual binding arbitration.

## II. LEGAL STANDARD

Under Civil L.R. 6-3, a party may move to enlarge a time set by the Court by filing a motion that is accompanied by a declaration that, as applicable here (1) sets forth with particularity the reasons for the requested enlargement, (2) describes efforts made to obtain a

---

[1] "Complaint" refers to the Class Action Complaint filed on February 7, 2014 in this action.

stipulation, (3) identifies the substantial harm or prejudice that would occur if the Court did not change the time, (4) discloses all previous time modifications, and (5) describes the effect the requested modification would have on the case schedule.

### III. ARGUMENT

As set forth fully in the Motion to Compel Arbitration and Request for Stay filed concurrently with this motion, Plaintiff entered into a valid and binding arbitration with Samsung to individually arbitrate "ALL DISPUTES WITH SAMSUNG ARISING IN ANY WAY FROM . . . THE SALE, CONDITION, OR PERFORMANCE" of the Galaxy S 4 smartphone. Plaintiff's claims are all governed by this arbitration provision, as they arise out of his dissatisfaction with the condition and performance—namely, the processing speed and memory capacity—of the Galaxy S 4 he purchased. A sister district court in this State has already enforced the arbitration clause in a case alleging similar action. *Sheffer v. Samsung Telecomm. Am., LLC*, No. 13-cv-3466-GW, 2014 WL 792124 (C.D. Cal. Feb. 6, 2014); *Han v. Samsung Telecomm. Am., LLC.*, No. 13-cv-3823, Dkt. No. 50 (C.D. Cal. Feb. 6, 2014). Consequently, Plaintiff's claims are properly brought, if anywhere, in individual, binding arbitration.

Not only does Plaintiff seek to avoid his obligation to individually arbitrate his claims, he also seeks to burden Defendants by imposing on them the duty to substantively respond to the Complaint before the Motion to Compel Arbitration and Request for Stay is even decided. Defendant's position is that the Motion to Compel Arbitration and Request for Stay satisfies their obligation to initially respond to the Complaint. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1360 (2010) (recognizing that a motion to stay pending arbitration has been treated as a responsive pleading and can be brought under the scope of Fed. R. Civ. P. 12(b)); *Smith v. Pay-Fone Sys., Inc.*, 627 F. Supp. 121, 122-23 (N.D. Ga. 1985) (rejecting plaintiffs' argument that defendants had defaulted by filing a motion to compel arbitration in lieu of an answer). Common practice in this Court demonstrates that parties commonly proceed as if the filing of a motion to compel arbitration satisfies the obligation to respond to the complaint. *See, e.g., Naria v. Trover Sol'ns, Inc.*, No. 13-cv-2086-WHA, Dkt. No. 13 (N.D. Cal. July 16, 2013) (motion to compel arbitration filed – and later granted – without corresponding motion to stay

obligation to respond); *Peterson v. T-Mobile USA, Inc.*, 10-cv-5663-WHA, Dkt. No. 27 (N.D. Cal. Feb. 22, 2011) (same).  As one court in this district has recognized, a stay of the case "is common practice while motions to compel [arbitration] are pending."  *Stiener v. Apple Comp., Inc.*, No. 07-4486-SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (collecting cases).  Nevertheless, in the absence of express guidance from the Ninth Circuit, Defendants bring this motion in an abundance of caution.

Likewise, courts regularly defer other procedural matters until after motions to compel arbitration are granted, recognizing the efficiencies to be gained in doing so.  *See, e.g., id.* ("ATTM's motion to stay [obligations under Court's initial scheduling order] is well-taken.  If ATTM's pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court."); *see also Hill v. Asset Acceptance, LLC*, No. 13-cv-1718-BEN, 2014WL 1289578, at *2 (S.D. Cal. Mar. 27, 2014) ("In addition, in light of the pending motion to compel arbitration, the Court finds it appropriate to **STAY** discovery in this case and **VACATE** all future pretrial deadlines set in the Court's [prior order] pending the district court's ruling on Defendant's motion to compel arbitration."); *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012-13(E.D. Cal. 2011) (permitting the defendant to file a motion for a stay in lieu of an answer while a motion to compel was pending).

Ultimately, to preserve the benefit of the parties' bargain and to avoid the unnecessary expenditure of the parties' and the Court's resources in litigating the merits of Plaintiff's claims before the Court even decides whether those claims are properly before it, Defendants respectfully request that the Court stay Defendants' obligation to respond to the Complaint pending the Court's ruling on the Motion to Compel Arbitration.  In the event the Court denies this motion to stay or the Motion to Compel Arbitration, Defendants request that it be given 30 days from the date such an order is entered in which to respond to the Complaint and that the Case Management Conference be continued until July 1, 2014 or such time as the Court shall decide.

///

///

| | | |
|---|---|---|
| 1 | DATED:  April 21, 2014 | PAUL HASTINGS LLP<br>JOHN P. PHILLIPS<br>SEAN UNGER |
| 2 | | |
| 3 | | |
| 4 | | By:  _____/s/ John P. Phillips_____<br>          John P. Phillips |
| 5 | | |
| 6 | | Attorneys for Defendants<br>Samsung Telecommunications America, LLC; Samsung Electronics America, Inc. |
| 7 | | |
| 8–28 | | |

Case No. 3:14-cv-00582-JD          -4-          DEFS' NOTICE OF MOT. AND MOT. TO STAY DEFS' OBLIGATION TO RESPOND TO COMPL.