PAUL HASTINGS LLP
John P. Phillips (SB# 154412)
johnphillips@paulhastings.com
Sean D. Unger (SB# 231694)
seanunger@paulhastings.com
Ryan C. Nier (SB# 243876)
ryannier@paulhastings.com
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
Samsung Telecommunications America, LLC and
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,

Plaintiff,

vs.

SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants.

CASE NO. 3:14-CV-00582-JD

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date: December 10, 2014
Time: 9:30 a.m.
Judge: Hon. James Donato
Courtroom: 11

Complaint Filed: February 7, 2014

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2014 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable James Donato, in Courtroom 11 located at 450 Golden Gate Avenue, in San Francisco, California, Defendants Samsung Telecommunications America, LLC, and Samsung Electronics America, Inc. (collectively, "Defendants") respectfully move for an Order granting Defendants' Motion to Stay Proceedings Pending Appeal.

Defendants' Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and all other documentary evidence and oral argument as may be presented at the time of the hearing and as allowed by the Court. Specifically, Defendants request that all further proceedings in this matter be stayed while the Ninth Circuit Court of Appeals considers Defendants' timely appeal from this Court's September 18, 2014 Findings of Fact and Conclusions of Law, and Order Denying Motion to Compel Arbitration ("Arbitration Order") (Docket # 41).

DATED: October 17, 2014

PAUL HASTINGS LLP
John P. Phillips
Sean D. Unger
Ryan C. Nier

By: /s/ John P. Phillips
John P. Phillips

Attorneys for Defendants
Samsung Telecommunications America, LLC and
Samsung Electronics America, Inc.

**STATEMENT OF THE ISSUES TO BE DECIDED**

This motion raises the following issues:

The Court's Arbitration Order presents disputed questions of law and is contrary to another District Court's Order compelling arbitration on the same arbitration provision. Both Orders are currently on appeal to the Ninth Circuit Court of Appeals. *See Sheffer v. Samsung Telecommunications America, LLC*; Ninth Circuit Case No. 14-56256; *see also* Ninth Circuit Case No. 14-16994 (appeal in this case). Under these circumstances, should the Court stay this action pending the resolution of Defendants' appeals in order to avoid the prejudice Defendants would suffer from having to litigate this action while the appeal is pending, which could result in the reversal of this Court's Arbitration Order?

**TABLE OF CONTENTS**


**Page**

I. INTRODUCTION AND RELEVANT BACKGROUND ..... 1

II. ARGUMENT ..... 1

A. Defendants Will Present a Substantial Case on the Merits. ..... 2

1. The Ninth Circuit Will Address Conflicting Rulings on Significant Issues. ..... 3

2. Defendants' Appeal Presents Substantial Questions. ..... 4

B. Defendants Will Suffer Irreparable Harm in the Absence of a Stay. ..... 7

C. Plaintiff Will Not Be Harmed By a Stay. ..... 8

D. A Stay Is In the Public Interest. ..... 8

III. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES


*Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419 (9th Cir. 1984) .......... 7

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) .......... 3

*Bd. of Trustees of Nat'l Roofing Indus. Pension Fund v. A.W. Farrell & Son, Inc.*, No. 2:13-cv-00825-JCM-VCF, 2013 WL 4832750 (D. Nev. Sept. 9, 2013) .......... 2

*Britton v. Co-op Banking Grp.*, 916 F.2d 1405 (9th Cir. 1990) .......... 1, 2

*Brown v. MHN Government Services, Inc.*, Nos. C-14-1449 SI, C-12-5109 SI, C-13-3016 SI, 2014 WL 2472094 (N.D. Cal. June 3, 2014) .......... 3

*Bushley v. Credit Suisse First Boston*, 360 F.3d 1149 (9th Cir. 2004) .......... 1

*Cervantes v. Pac. Bell Wireless*, No. 05 CV 01469, 2006 U.S. Dist. LEXIS 89198 (S.D. Cal. Mar. 8, 2006) .......... 7

*Clinton v. Jones*, 520 U.S. 681 (1997) .......... 2

*Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996) .......... 5

*Eberle v. Smith*, Case No. 07-CV-0120, 2008 U.S. Dist. LEXIS 6393 (S.D. Cal. Jan. 29, 2008) .......... 9

*Frost v. LG Elecs. MobileComm U.S.A., Inc.*, No. D062920, 2013 WL 5409906 (Cal. Ct. App. Sept. 27, 2013) .......... 6

*Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112 (9th Cir. 2008) .......... 3

*Han v. Samsung Telecomm. Am., LLC*, No. 13-cv-3823, Dkt. No. 50 (C.D. Cal. Feb. 6, 2014) .......... 4

*Herron v. Best Buy Stores L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 2462973 (E.D. Cal. June 2, 2014) .......... 5

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Karimy v. Assoc. Gen. Contractors of Am. - San Diego Chapter, Inc.*,
Civil No. 08-CV-297-L(CAB), 2009 WL 3698397 (S.D. Cal. Nov. 5, 2009)........................3, 8

*Lair v. Bullock*,
697 F.3d 1200 (9th Cir. 2012)........................................................................................2, 7

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011).............................................................................................7

*Mortensen v. Bresnan Communications, LLC*,
722 F.3d 1151 (9th Cir. 2013)...........................................................................................6

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013)...........................................................................................8

*Murphy v. DirecTV, Inc.*,
No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808 (C.D. Cal. July 1, 2008).........................8

*Oblix, Inc. v. Winiecki*,
374 F.3d 488 (7th Cir. 2004) ("California routinely enforces limited warranties and other terms found in form contracts")......................................................................5

*Ontiveros v. Zamora*,
No. Civ. S-08-567, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013)......................................7, 9

*Pokorny v. Quixtar Inc.*,
No. 07-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008).................................2, 3, 4

*Posern v. Prudential Sec., Inc.*,
No. C-03-0507SC, 2004 WL 1145877 (N.D. Cal. May 3, 2004).............................................6

*ProCD, Inc. v. Zeidenberg*,
86 F.3d 1447 (7th Cir. 1996)..............................................................................................4

*Richards v. Ernst & Young LLP*,
No. C-08-04988 RMW, 2012 WL 92738 (N.D. Cal. Jan. 11, 2012)........................................2

*Samson v. NAMA Holdings, LLC*,
637 F.3d 915 (9th Cir. 2011)...............................................................................................8

*Sheffer v. Samsung Telecomms. Am., LLC*,
No. 13-cv-3466, Dkt. Nos. 43, 77.........................................................................................4

*Sheffer v. Samsung Telecomms. Am., LLC*,
No. CV-13-3466, 2014 WL 792124 (C.D. Cal. Feb. 6, 2014).................................................4

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Steiner v. Apple Computer, Inc.*, No. C 07-04486, 2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) ....7

*Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987 (1972)....5, 6

*Winig v. Cingular Wireless LLC*, C-06-4297 MMC, 2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) ....9

*Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 U.S. Dist. LEXIS 83116 (N.D. Cal. Nov. 6, 2006)....2, 9

*Zaborowski v. MHN Gov. Servs., Inc.*, C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013)....8

**STATUTES**

9 U.S.C. § 16(a) ....1

**OTHER AUTHORITIES**

http://www.business.ftc.gov/documents/bus01-businesspersons-guide-federal-warranty-law#intro ....6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELEVANT BACKGROUND

In connection with its appeal of this Court's September 18, 2014 Order [Dkt. No. 41] (the "Arbitration Order") denying Defendants' motion to compel arbitration and stay litigation under the Federal Arbitration Act [Dkt. No. 18] (the "Arbitration Motion"), Defendants request a stay of proceedings. Defendants respectfully submit that a stay is appropriate because the conflict between this Court's Arbitration Order and another Court's Order granting Defendant's motion to compel arbitration presents a "substantial case for relief on the merits." Defendants will be prejudiced by the absence of a stay because they will have to invest significant time and expense litigating a class action that would prove unnecessary if the Ninth Circuit rules that Plaintiff's claims must be arbitrated. Plaintiff would suffer little harm if the case is stayed because he, too, will avoid the cost of litigating a case that may ultimately be reversed on appeal. A stay also furthers the public's interest because public policy favors arbitration and the conservation of judicial resources.

An order denying a motion to compel arbitration is immediately appealable under the Federal Arbitration Act ("FAA"). 9 U.S.C. § 16(a); *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004). This Court has the authority to stay the proceedings before it pending resolution of that appeal. *See, e.g.*, *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). For these reasons, Defendants respectfully request that this Court stay all proceedings pending resolution of Defendants' appeal to the Ninth Circuit.[1]

## II. ARGUMENT

Defendants have appealed the Court's Arbitration Order, and that issue is now before the Ninth Circuit. The appeal does not automatically divest this Court of jurisdiction. *Britton*, 916 F.2d at 1411-12. This Court may, however, exercise its discretion to stay the litigation while the

[1] Because of the timeline established by the Court's Order setting a Case Management Conference for November 5, 2014, Defendants simultaneously file a Motion to Dismiss the First Amended Complaint. Defendants respectfully suggest that this Court first rule on this motion to stay. Defendants do not believe this case should be litigated in this Court, given that Plaintiff agreed to arbitrate his claims and an appeal is pending. The Ninth Circuit has already set a briefing schedule for this appeal (Case. No. 14-16994), setting January 20, 2015 as the due date for Defendants' opening brief.

appellate court considers the issue on appeal. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *see also Bd. of Trustees of Nat'l Roofing Indus. Pension Fund v. A.W. Farrell & Son, Inc.*, No. 2:13-cv-00825-JCM-VCF, 2013 WL 4832750, at *2 (D. Nev. Sept. 9, 2013) ("The power to stay proceedings is soundly within the court's discretion and is incidental to the 'power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)); *Britton*, 916 F.2d at 1411-12.

Four factors govern this Court's discretion in deciding whether to stay these proceedings: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest favors a stay." *Winig v. Cingular Wireless LLC*, No. C-06-4297 MMC, 2006 U.S. Dist. LEXIS 83116, at *2 n.1 (N.D. Cal. Nov. 6, 2006) (internal quotation omitted).

Given the current posture of this case, and as shown below, Defendants respectfully submit that these four factors are satisfied, and that the Court should stay all proceedings until resolution of Defendants' appeal.

**A. <u>Defendants Will Present a Substantial Case on the Merits.</u>**

The first element, whether the applicant is likely to succeed on the merits, "addresses the merits of the appeal, not the merits of subsequent proceedings in the district court, and it is satisfied where the moving party shows that it has raised a 'serious legal question' on appeal." *Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111 at *1 (N.D. Cal. Apr. 17, 2008). To meet this element, defendants need not show they are "more likely than not" to succeed on appeal," but rather need demonstrate only a "reasonable probability" or a "substantial case on the merits." *Richards v. Ernst & Young LLP*, No. C-08-04988 RMW, 2012 WL 92738, at * (N.D. Cal. Jan. 11, 2012); *see also Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (internal citations and quotations omitted). The standard has also been characterized as the "substantial questions" test, which requires the moving party to demonstrate "that serious questions going to

the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (citations omitted); *see also Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008).

**1. The Ninth Circuit Will Address Conflicting Rulings on Significant Issues.**

A "serious legal question" exists where, as here, there are "conflicting rulings," which "demonstrate that the law is unsettled and guidance from the appellate court would be beneficial." *Pokorny*, 2008 WL 1787111 at *1 (citing *Jones v. Deutsche Bank AG*, No. C-04-5357 JW, 2007 U.S. Dist. LEXIS 39094, at *6-7 (N.D. Cal. May 17, 2007)); *see also Karimy v. Assoc. Gen. Contractors of Am. - San Diego Chapter, Inc.*, Civil No. 08-CV-297-L(CAB), 2009 WL 3698397, at *1 (S.D. Cal. Nov. 5, 2009) (divergence in how California state and federal courts view procedural unconscionability in the arbitration context "presents a serious legal question and opens the possibility of stay pending appeal").

The court in *Brown v. MHN Government Services, Inc.*, Nos. C-14-1449 SI, C-12-5109 SI, C-13-3016 SI, 2014 WL 2472094, at *3 (N.D. Cal. June 3, 2014) recently considered a similar request. In *Brown*, the court analyzed an arbitration agreement identical to that pending in two substantially similar lawsuits, originally filed in Washington but transferred to the Northern District of California. The *Brown* court, noting that there was "no dispute that the three cases involve the identical arbitration agreement, similar or overlapping claims, and similar or overlapping classes," found that a stay was "necessary to ensure judicial efficiency and to preserve the parties' time and resources" and granted defendants' motion. *Id*. at *3-4.

Similarly, the *Pokorny* court (N.D. Cal.) found a "serious legal question" had been created by "an apparent split between this Court's ruling on the motion to compel arbitration and the rulings of a number of other state and federal courts. Numerous courts have found Defendants' ADR agreement enforceable, at least in part, while the Court's Order here struck down the entire agreement as procedurally and substantively unconscionable, and therefore unenforceable. Such

conflicting rulings demonstrate that the law is unsettled and guidance from the appellate court would be beneficial." 2008 WL 1787111 at *1.

Here, this Court's Arbitration Order creates a conflict with other district courts that the Ninth Circuit will resolve. In its September 18, 2014 Order, this Court found that there was no agreement to arbitrate. Dkt. No. 41. The Court noted, however, that another district court in California analyzed the very same arbitration provision and reached the opposite conclusion. *Id.* at 14, n.4; *see Sheffer v. Samsung Telecomms. Am., LLC*, No. CV-13-3466, 2014 WL 792124 (C.D. Cal. Feb. 6, 2014) (finding that an agreement to arbitrate had been formed, and granting Defendants' motions to compel arbitration pursuant to that arbitration provision); *Han v. Samsung Telecomms. Am., LLC*, No. 13-cv-3823, Dkt. No. 50 (C.D. Cal. Feb. 6, 2014) (same).

The Ninth Circuit now faces the same question, pending from conflicting decisions in two different cases: (1) the *Sheffer* plaintiff has appealed the district court's Order compelling arbitration to the Ninth Circuit, and (2) Defendants here have appealed this Court's ruling. *See, e.g.*, *Sheffer*, Case No. 13-cv-3466 Notice of Appeal, Dkt. No. 77 (August 4, 2014); Notice of Appeal, Dkt. No. 43 (October 10, 2014). Those conflicting rulings raise a "serious legal question" to be decided by the Ninth Circuit regarding the enforceability of the arbitration provision with respect to claims such as those at issue in this case. As such, the first factor weighs heavily in favor of a stay of this Court's proceedings pending resolution of the appeals.

**2. <u>Defendants' Appeal Presents Substantial Questions.</u>**

Defendants also respectfully submit that their appeal will present several substantial questions, given: (1) the established law discussed in Defendants' motion papers enforcing similar arbitration provisions; (2) that this Court acknowledged that the warranty in which the arbitration provision was contained is a contractual document; and (3) that the FAA precludes a requirement that an arbitration provision be made more conspicuous than any other part of a consumer contract.

*First*, setting aside the *Sheffer* Court's analysis and holding, numerous other courts have explained that the law enforces terms, including arbitration provisions, included in warranties accompanying consumer products. *See, e.g.*, *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1451 (7th

Cir. 1996) ("no state disregards warranties furnished with consumer products"); *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004) ("California routinely enforces limited warranties and other terms found in form contracts"); *Herron v. Best Buy Stores L.P.*, No. 12-cv-02103-GEB-JFM, 2014 WL 2462973, at *3 (E.D. Cal. June 2, 2014) (granting motion to compel arbitration because arbitration clause included in a warranty included in product packaging). While this Court may disagree with those courts' analyses or believe that they do not apply, the test for a stay does not require this Court to agree or to disagree. Instead, the Court need only acknowledge that reasonable minds have reached opposite conclusions and that there is a substantial question to be resolved – all of which is true here.

*Second*, the Court notes in its Arbitration Order that it "does not quarrel with the proposition that the warranty is 'contractual' in the sense that it creates binding, legal obligations on Samsung." Dkt. No. 41, p. 11: 26-27. Defendants respectfully submit that this acknowledgment creates tension with the Court's reliance on *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 992-93 (1972) for the proposition that an offeree is not bound by a provision contained in a document "whose contractual nature is not obvious." This Court likewise found that Plaintiff Norcia signed a receipt acknowledging a manufacturer's warranty, *see* Dkt. No. 41 at 4; the box his phone came in identified the warranty; *see* Dkt. No. 41 at 3; and there is no dispute that Mr. Norcia knew he was buying a Samsung phone. *See* Dkt. 34 at 93:5-7. Thus, the facts confirm that Mr. Norcia knowingly received a document that was contractual in nature.

*Third*, Defendants respectfully submit that there is an important question to be resolved given that this Court determined that no agreement to arbitrate was formed because the arbitration provision was contained as a "'term' of the warranty." Dkt. 41 at 13:2. Defendants respectfully believe that the Court's determination conflicts with Supreme Court precedent, which holds that the FAA precludes any rule requiring special attention to be drawn to arbitration provisions over other terms of a contract or otherwise imposes heightened burdens to arbitration provisions. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687-88 (1996) (finding preempted a rule that required "[n]otice that a contract is subject to arbitration" be included in "underlined capital

letters on the first page the contract," because the rule singled out arbitration provisions above other terms of the contract). This precedent has been followed by the Ninth Circuit in *Mortensen v. Bresnan Communications, LLC*, 722 F.3d 1151 (9th Cir. 2013), which stated that "[a]ny general state-law contract defense, based on unconscionability or otherwise, that has a disproportionate effect on arbitration is displaced by the FAA." *Id.* at 1159. Here, the Samsung Defendants respectfully suggest there is a serious question regarding whether this Court applied a preempted standard in evaluating the arbitration provision and deciding not to enforce its terms.[2]

Relatedly, other Courts in this District have held that California law does not "impos[e] an obligation on a party to explain the significance of contractual terms when those terms are clearly and explicitly included in the contract." *Posern v. Prudential Sec., Inc.*, No. C-03-0507SC, 2004 WL 1145877, at *6 (N.D. Cal. May 3, 2004) (noting that arbitration provision appeared in boldface font). In a case this Court's Order does not discuss, the California Court of Appeal noted that including an arbitration provision in a standard warranty is proper. *Frost v. LG Elecs. MobileComm U.S.A., Inc.*, No. D062920, 2013 WL 5409906, at *8 (Cal. Ct. App. Sept. 27, 2013) ("LG could have bargained to compel arbitration of claims asserted against it by including an arbitration provision in its written warranty, but it chose not to do so."). Either independently or combined, the existence of these important issues confirms that there is at the very least a substantial question whether this Court erred in denying the Samsung Defendants' motion to compel arbitration. But for purposes of Samsung's Motion to Stay, this Court need only acknowledge that other courts have reached different results to conclude the appeal would present a significant question. This alone justifies a stay of these proceedings.

---

[2] *Windsor Mills* is at odds with controlling authority because it applies special burdens to arbitration provisions that apply to no other terms in a contract. *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 992-93, 995 (1972) (discussing "special force" and "special rules" that apply to arbitration). Likewise, this Court's Order, and its concern that the arbitration provision is housed under a heading entitled "What is the Procedure for Resolving Disputes?," *see* Order at 14:13-20, is inconsistent with guidance from the Federal Trade Commission, which offers examples of warranties structured around similar questions and advises businesses trying to comply with federal warranty law to do the same. *See* http://www.business.ftc.gov/documents/bus01-businesspersons-guide-federal-warranty-law#intro (last visited October 8, 2014).

**B. <u>Defendants Will Suffer Irreparable Harm in the Absence of a Stay</u>.**

"The question on the irreparable harm stay factor is 'whether the applicant will be irreparably harmed absent a stay[.]'" *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). In analyzing the probability of such irreparable injury, the court should "focus on the individualized nature of irreparable harm and not on whether it is 'categorically irreparable.'" *Bullock*, 697 F.3d at 1214 (quoting *Nken*, 556 U.S. at 435).

The Ninth Circuit has held that a party suffers "serious, perhaps irreparable" harm when it "must undergo the expense and delay of a trial before being able to appeal [an order denying a motion to compel arbitration], as "the advantages of arbitration – speed and economy – are lost forever." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). Other district courts within the Ninth Circuit have applied this reasoning and granted motions to stay in similar circumstances, finding that "costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm." *Steiner v. Apple Computer, Inc.*, No. C 07-04486, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008); *see also Cervantes v. Pac. Bell Wireless*, No. 05 CV 01469, 2006 U.S. Dist. LEXIS 89198, at *4 (S.D. Cal. Mar. 8, 2006) ("Undoubtedly, Defendant will suffer irreparable harm without a stay of proceedings. It will be forced to incur the expenses of preparing for trial, losing the advantages of arbitration, even if the Ninth Circuit ultimately orders arbitration.").

As one district court held: "[i]f, in fact, defendant has a right to arbitrate this dispute, it ought to enjoy some benefit of this right. At this stage of the litigation, for defendant to be forced to proceed to trial, only to afterwards be allowed to arbitrate the dispute, would constitute a hollow victory indeed." *Ontiveros v. Zamora*, No. Civ. S-08-567 LKK/DAD, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013).

Here, if this Court opts not to grant a stay, Defendants will be deprived of the arbitration forum for which they bargained, and will be subjected to the significant expense of discovery, extensive class certification briefing, and a potential trial that will prove unnecessary if they prevail on appeal. Established authority recognizes that this type of prejudice and expense

constitutes irreparable harm, and this Court should weigh that factor heavily in favor of Defendants.

**C. Plaintiff Will Not Be Harmed By a Stay.**

In sharp contrast to Defendants' burden and expense, Plaintiff will suffer little to no harm should this Court stay proceedings because a stay simply preserves the status quo pending appeal. A stay would not deny Plaintiff adequate remedies to address any minimal burden if he does eventually prevail.[3] As other courts within this Circuit have recognized, the mere fact that proceedings will be delayed while the appeal is pending does not constitute serious harm that would warrant denial of a stay. *See Zaborowski v. MHN Gov. Servs., Inc.*, C 12-05109 SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013) ("Although relief may be delayed, this case is still in its earliest stages, relief through the court system often takes a long time, and the delay may be mitigated by remedies such as prejudgment interest."); *Murphy v. DirecTV, Inc.*, No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008) ("the possible monetary harm to the class, while collectively substantial, is individually minor, and can be fully redressed should [plaintiff] . . . ultimately prevail"). For these reasons, the third factor also weighs heavily in favor of a stay.

**D. A Stay Is In the Public Interest.**

Finally, a stay will promote both the public policy in favor of arbitration and the public's interest in the economical use of judicial resources. As both the Ninth Circuit and the U.S. Supreme Court have held repeatedly, the FAA establishes a "congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1225 (9th Cir. 2013); *Samson v. NAMA Holdings, LLC,* 637 F.3d 915, 923 (9th Cir. 2011) (same). *See also Karimy*, 2009 WL 3698397, *3 ("a stay of all pretrial proceedings serves the public interest in promoting the 'strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it") (quoting *A.G. Edwards & Sons,*

[3] At the recent trial on arbitration, Plaintiff Norcia confirmed that he continues to use his Samsung Galaxy S 4, having received a replacement phone for a cracked screen. *See* Dckt. No. 34 at 86:13-25. This is not a case where Mr. Norcia is being denied a present benefit.

*Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992)). A stay in this case will advance the public interest in arbitration by ensuring that Defendants are not required to forego their contractual right to arbitrate this case until the Ninth Circuit resolves the pending appeal.

A stay will also advance the public interest because it will ensure the efficient use of judicial resources. "[I]t 'does not make sense for [the district court] to expend its time and energy preparing this case for trial and possibly trying only to learn at a later date from the court of appeals that it was not the proper forum to hear the case.'" *Winig v. Cingular Wireless LLC*, C-06-4297 MMC, 2006 WL 3201047, at *3 (N.D. Cal. Nov. 6, 2006), (quoting *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989)).

Finally, a stay reduces the "risk of redundant or inconsistent actions." *Ontiveros*, 2013 WL 1785891, at *6. As noted by one court, "as is the circumstance whenever two courts exercise jurisdiction over the same case, courts should seek to reduce the risk of inconsistent rulings." *Eberle v. Smith*, Case No. 07-CV-0120 W (WMC), 2008 U.S. Dist. LEXIS 6393, at *11 (S.D. Cal. Jan. 29, 2008) (citing *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Continuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals.")). Put simply, public policy favors a stay, as do the other factors under consideration by the Court.

## III. CONCLUSION

Consistent with Congressional and Supreme Court mandate, the parties and the Court have invested considerable resources addressing whether Mr. Norcia agreed to arbitrate his claims against the Samsung Defendants. Litigation – and particularly class actions – is extremely expensive and time consuming, and the prejudice Defendants will suffer if they are required to continue litigating this case while the Court's Arbitration Order is on appeal should be avoided. Plaintiff will continue to enjoy the use of this Samsung Galaxy S4 while the appeal is pending, and the public's interest will be served if the Court stays this case pending appeal. For all these reasons, Defendants respectfully request that this Court stay this case until such time as this Court

and all appellate courts have fully resolved the enforceability of Defendants' arbitration agreement.

DATED: October 17, 2014

PAUL HASTINGS LLP
John P. Phillips
Sean D. Unger
Ryan C. Nier

By: /s/ John P. Phillips
John P. Phillips

Attorneys for Defendants
Samsung Telecommunications America, LLC and
Samsung Electronics America, Inc.