EDUARDO G. ROY (Bar No. 146316)
DANIEL C. QUINTERO (Bar No. 196492)
JOHN R. HURLEY (Bar No. 203641)
PROMETHEUS PARTNERS L.L.P.
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Telephone: 415.527.0255

Attorneys for Plaintiff
DANIEL NORCIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a New York Corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey Corporation,<br><br>Defendants. | Case No.: 3:14-cv-582-JD<br><br>**OPPOSITION OF PLAINTIFF DANIEL NORCIA TO DEFENDANTS' MOTION TO STAY PENDING APPEAL**<br><br>Date: January 14, 2014<br>Time: 10:00 a.m.<br>Dept: Courtroom 11<br>Judge: Hon. James Donato<br><br>Complaint Filed: February 7, 2014 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 1
II. LEGAL ARGUMENT .......................................................................................... 1
    A. The Court has Discretion Whether to Stay Proceedings Pending Appeal. ........................................................................................................ 1
    B. The Relevant Factors Weigh Against a Stay. ....................................... 2
        1. The Ninth Circuit's Decision in *Knutson v. Sirius XM Radio* Weighs Strongly Against the Merits of Samsung's Appeal. ............................................................................................ 2
        2. Any Harm to Samsung is Outweighed by Countervailing Factors. ................................................................................................ 6
        3. Other Parties would be Harmed by a Delay in Resolution on the Merits. ........................................................................................... 6
        4. The Public Interest would be Harmed by a Delay in Resolution on the Merits. ............................................................... 7
III. CONCLUSION ................................................................................................... 8

# TABLE OF AUTHORITIES

Page

## CASES

*Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097 (C.D. Cal. 2002) ............................................. 5
*Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990) ................................................ 1
*Com. Factors Corp. v. Kurtzman Bros.*, 131 Cal. App. 2d 133 (1955) ....................................... 3
*Federal Sav. & Loan Ins. Com. v. Molinaro*, 889 F.2d 899 (9th Cir. 1989) ............................... 7
*Knutson v. Sirius XM Radio Inc.*,
  ___F.3d ___, 2014 U.S. App. LEXIS 21373 (9th Cir. Nov. 10, 2014) ......................... passim
*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ............................................................. 2, 6
*Lozano v. AT&T Wireless*, 216 F. Supp. 2d 1071 (C.D. Cal 2002) ............................................ 5
*Nken v. Holder*, 556 U.S. 418, 433 (2009) .............................................................................. 1, 2
*Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) .................................................................. 6
*Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ........ 5
*Rajagopalan v. Noteworld, LLC*,
  2012 U.S. Dist. LEXIS 80704 (W.D. Wash. June 11, 2012) .............................................. 2, 6
*U.S. ex rel. Gonzalez v. Fresenius Medical Care North America*,
  571 F. Supp. 2d 758 (W.D. Tex. 2008) .................................................................................. 7
*Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987 (1972) ............................. 4

## RULES

Fed. R. Civ. P. 1 ............................................................................................................................ 7

## I. INTRODUCTION

Defendants Samsung Telecommunications America, LLC, and Samsung Electronics America, Inc. (collectively "Samsung") have moved to stay all proceedings (ECF 44) pending resolution of an interlocutory appeal of this Court's Order Denying Motion to Compel Arbitration (ECF 41).

In exercising discretion over Samsung's request, the single most important factor for the Court is Samsung's likelihood of success on the merits. In that regard, the Ninth Circuit's November 10 decision in *Knutson v. Sirius XM Radio*[1] appears to have dealt Samsung's chances a fatal blow. In *Knutson*, the Ninth Circuit tracked the reasoning employed by this Court in denying Samsung's motion to compel arbitration. The Ninth Circuit held that an arbitration agreement was void for lack of mutual assent when (1) the proponent of the arbitration agreement was a third party to the underlying sale and (2) the arbitration agreement was contained in materials provided post-sale.

*Knutson* essentially resolves the "substantial" and "serious" questions Samsung raises on its interlocutory appeal. And since *Knutson* resolved these questions adversely to Samsung, there is no reason to stay this case while the parties wait for the Ninth Circuit to repeat itself.

## II. LEGAL ARGUMENT

### A. The Court has Discretion Whether to Stay Proceedings Pending Appeal.

Under controlling Ninth Circuit authority, an interlocutory appeal from denial of a motion to compel arbitration does not strip the District Court of jurisdiction, and whether to grant a stay pending appeal is an issue for the discretion of the District Court.[2] Because the matter is discretionary, a stay should not be automatic, "even if irreparable injury would result."[3]

"The party requesting the stay bears the burden of showing that the circumstances justify [a stay]."[4] In deciding whether to stay pending interlocutory appeal, the courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

---

[1] *Knutson v. Sirius XM Radio Inc.*, ___F.3d ___, 2014 U.S. App. LEXIS 21373 (9th Cir. Nov. 10, 2014).

[2] *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

[3] *Nken v. Holder*, 556 U.S. 418, 433 (2009).

[4] *Id.* at 433-34.

public interest lies.[5]

Of these four factors, the first two "are the most critical."[6]

In weighing the relevant factors, the courts of this circuit use a "sliding scale" or "continuum."[7] That is, where the issue on appeal is particularly important and unsettled, a stay is justified by a lesser showing of prejudice. But where the issue on appeal is weak, a much greater showing of prejudice is required.

**B. The Relevant Factors Weigh Against a Stay.**

**1. The Ninth Circuit's Decision in *Knutson v. Sirius XM Radio* Weighs Strongly Against the Merits of Samsung's Appeal.**

On November 10, 2014, the Ninth Circuit issued a decision in *Knutson v. Sirius XM Radio Inc.*, overturning an order compelling individual arbitration of a putative class action.[8] The reasoning in *Knutson* closely tracks the reasoning of this Court in denying Samsung's motion to compel, and is a strong indicator that Samsung will not prevail on its interlocutory appeal.

In *Knutson*, the plaintiff purchased a Toyota Tacoma truck, which came with a free 90-day trial of the Sirius XM satellite radio service.[9] During the 90-day trial period, the plaintiff received three telemarketing calls from Sirius XM. Plaintiff then filed suit against Sirius XM, alleging that the calls were unauthorized and unsolicited, and that they violated the Telephone Consumer Protection Act.[10] Sirius XM moved to compel arbitration, relying on an arbitration clause contained in a "Welcome Packet" mailed to the plaintiff post-purchase.[11]

The United States District Court for the Southern District of California held that there was a binding agreement to arbitrate even though the plaintiff received the Welcome Packet post-purchase. The District Court had concerns that the agreement was procedurally unconscionable—largely because the

---

[5] *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (*quoting Nken*, 556 U.S. at 432.

[6] *Id*.

[7] *See Rajagopalan v. Noteworld, LLC*, 2012 U.S. Dist. LEXIS 80704 *13 (W.D. Wash. June 11, 2012) (*citing Leiva-Perez*, 640 F.3d at 971.)

[8] *Knutson*, ___F.3d ___, 2014 U.S. App. LEXIS 21373.

[9] *Id*. at *4.

[10] *Id*.

[11] *Id*.

Welcome Packet was not received until after expiration of a 3-day cancellation period—but found no substantive unconscionability, and therefore enforced the agreement.[12]

On appeal, the Ninth Circuit did not address unconscionability, but focused on the issue of contract formation. In deciding whether or not there was a valid agreement to arbitrate, the Ninth Circuit addressed two issues:

> (1) whether a reasonable person in Knutson's position would understand that he had assented to the arbitration provision in the Sirius XM Customer Agreement when he purchased the vehicle from Toyota, and (2) whether failure to cancel the trial subscription to Sirius XM after he received the Customer Agreement constituted an objective manifestation of his assent to the arbitration provision.[13]

In other words, the Ninth Circuit addressed the most basic elements of contract formation—offer and acceptance. And it found both lacking.

On the first issue, the Ninth Circuit found that the arbitration agreement with Sirius XM had not been communicated at the time of purchase. The plaintiff did not even know that he could be entering into a contract with Sirius XM: "He was, as far as he knew, only in a contractual relationship with Toyota."[14] The plaintiff was never told that "purchasing a vehicle from Toyota would simultaneously bind him … to any contract with Sirius XM."[15] Just as important, he was not told of an arbitration provision at the time of purchase: "[N]either expressly or impliedly, neither directly or indirectly, did the parties ever discuss arbitration or bargain about it, and certainly they reached no agreement thereon."[16]

This aspect of *Knutson*—i.e., that the plaintiff did not have notice he could be entering into a contract with a third party to the sale—squares with the facts of this case and the reasoning of this Court. In its Order denying Samsung's motion, this Court stated:

> Mr. Norcia represented that he did not see—let alone read—the warranty booklet containing the arbitration provision at the time he purchased his phone. Samsung has not adduced any evidence challenging this statement. Consequently, the Court finds Mr. Norcia did not have actual notice of the arbitration terms.[17]

---

[12] *Id*. at *10.

[13] *Id*. at *13.

[14] *Id*. at *14.

[15] *Id*.

[16] *Id*. (*quoting Com. Factors Corp. v. Kurtzman Bros.*, 131 Cal. App. 2d 133, 136 (1955)).

[17] ECF 41 at 8:18-9:2.

However, like this Court, the Ninth Circuit in *Knutson* did not stop with the issue of notice at the time of sale. Instead, the Court analyzed whether the plaintiff's "continued use of [the Sirius XM] service after [receipt of the Welcome Packet] constituted his assent to be bound to the Customer Agreement."[18] And again, the Ninth Circuit's ruling in *Knutson* echoed this Court's ruling on Samsung's motion to compel arbitration.

Like Samsung, Sirius XM asserted that Knutson's acceptance of the arbitration agreement could be inferred from his failure to cancel the Sirius XM service.[19] The Ninth Circuit rejected this argument, reasoning that since Knutson was not told he was entering into an agreement with Sirius XM, the post-sale Welcome Packet was not sufficient to convey an offer. Consequently, Knutson's failure to cancel could not be acceptance:

> Knutson would only have had notice of his opportunity to cancel his subscription, or the effect of his continued use of the service, if he opened the Welcome Kit from Sirius and read all of the documents therein, which—in view of his lack of awareness of any contractual relationship with Sirius—he had no reason to do. He could not be obligated to act where there was no effective notice that action was required. Accordingly, Knutson's continued use of the service after his receipt of the Customer Agreement did not manifest his assent to the provisions in the Customer Agreement.[20]

In reaching this conclusion—i.e., that, in order to be bound, an offeree must be on notice of the offer— the Ninth Circuit cited and relied on language from the California Court of Appeal decision of *Windsor Mills v. Collins*: "[A]n offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious."[21]

The Ninth Circuit's reasoning on this point directly tracks this Court's analysis of Samsung's warranty booklet. Like the Ninth Circuit, this Court relied on *Windsor Mills* and reasoned that when a buyer is not on notice of contract terms at the time of sale, inconspicuous post-sale terms are not binding:

> Without any words alerting consumers that Samsung's arbitration term was a "contract" or "agreement," and without anywhere requiring

---

[18] *Knutson*, 2014 U.S. App. LEXIS 21373 at *15.

[19] *Id*.

[20] *Id*. at *15-16.

[21] *Id*. at *13 (*quoting Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972)).

> consumers like Mr. Norcia to sign in order to accept the arbitration provision or at least to acknowledge having received it, the conclusion must be that no reasonable person would "know that a proposal has been made to him."[22]

Samsung argues strongly in its Motion to Stay that this Court's reliance on *Windsor Mills* was misplaced.[23] This position in plainly eviscerated by *Knutson*.

Finally, the *Knutson* decision discussed and distinguished the factual situation in a number of cases cited by Samsung. Specifically, the Ninth Circuit held that when a third party attempts to bind a buyer, that is different from additional terms from the other party:

> But *Bischoff* and *Lozano* turn on crucial facts not present here. In *Bischoff*, unlike with Knutson, the customer specifically elected to receive the service directly from the service provider … .
>
> ***
>
> Here, by contrast, there is no evidence that Knutson purchased anything from Sirius XM, or ever knew that he was entering into a contractual relationship with the satellite radio service provider.[24]

Ultimately, the Ninth Circuit in *Knutson* reached the same conclusion as this Court, finding that "the arbitration clause in the Customer Agreement is unenforceable for lack of mutual assent."[25]

The import of the *Knutson* decision is plain. The Ninth Circuit has already decided the issues presented by Samsung on its interlocutory appeal, and it has decided them in a fashion contrary to Samsung's position. Thus, although Samsung asserts that its appeal raises "substantial" and "serious legal question[s],"[26] those questions have been effectively resolved.

This not a situation in which "the law is unsettled and guidance from the appellate court would be beneficial."[27] To the contrary, in light of *Knutson*, there is but a small likelihood that Samsung will prevail on the merits of its interlocutory appeal. The first and most important factor in evaluating the

---

[22] ECF 41 at 12:14-27 (quoting Windsor Mills, 25 Cal.App.3d at 993).

[23] ECF 44 at 5:10-20 and 6 n. 2.

[24] *Knutson*, 2014 U.S. App. LEXIS 21373 at *17-18 (*discussing Bischoff v. DirecTV, Inc.*, 180 F. Supp. 2d 1097 (C.D. Cal. 2002) *and Lozano v. AT&T Wireless*, 216 F. Supp. 2d 1071 (C.D. Cal 2002).)

[25] *Id*. at *24;

[26] ECF 44 at 2:21 and 4:20-21; *see also, generally*, ECF 44 at 4:20-6:21.

[27] ECF 44 at 3:8 (*quoting Pokorny v. Quixtar Inc.*, No. 07-00201 SC, 2008 WL 1787111 at *1 (N.D. Cal. Apr. 17, 2008)).

propriety of a stay—likelihood of success on the merits[28]—therefore weighs against Samsung.

### 2. Any Harm to Samsung is Outweighed by Countervailing Factors.

The second factor in evaluating a request for a stay is that the moving party must show that it will suffer irreparable injury if litigation is not stayed pending appeal.[29] The courts of this Circuit generally find that this factor weighs in favor of staying proceedings pending interlocutory appeal of an order denying a motion to compel arbitration.[30]

However, potential prejudice to the defendant is only one of four factors to be considered.[31] Here, the fact that *Knutson* was decided on substantially similar law and facts minimizes the risk of harm to Samsung. There is little risk of irreparable harm to Samsung through litigation activity and expense if the likely effect of a stay is simply to delay (rather than avoid) litigation.

### 3. Other Parties would be Harmed by a Delay in Resolution on the Merits.

The third relevant factor is concerned with whether issuance of the stay will substantially injure other parties interested in the proceedings.[32]

Here, absent class members would be substantially injured by delay. The Ninth Circuit has recognized that delay increases the risk that witnesses' memories and evidence will become stale.[33] The potential loss of evidence through the passage of time affects not just Norcia individually, but the entire putative class.

The concern is heightened here since the Samsung entities in the case are United States subsidiaries of a South Korean conglomerate. Without discovery, Norcia cannot ascertain whether all of the proper and necessary parties are even before the Court. Other Samsung entities may bear some responsibility for the matters that are the subject of Norcia's claims, and they may not feel compelled to preserve relevant documents and evidence in the same way as the United States subsidiaries.

*Knutson* also provides an illustration of the possible length of delay and the amount of attendant

---

[28] *Leiva-Perez*, 640 F.3d at 964.
[29] *Id*. at 968.
[30] *See, e.g., Rajagopalan*, 2012 U.S. Dist. LEXIS 80704 at *6-7.
[31] *Leiva-Perez*, 640 F.3d at 968.
[32] *Id*. at 964.
[33] *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

prejudice that would accrue to Norcia and the class if this matter were stayed. The plaintiff in *Knutson* filed suit in February 2012, and the Ninth Circuit did not issue its ruling overturning the District Court until November 10, 2014.[34] The plaintiff had to wait nearly three years before being allowed to proceed on the merits. This third factor therefore weighs against a stay.

### 4. The Public Interest would be Harmed by a Delay in Resolution on the Merits.

The fourth and final factor also weighs against imposition of a stay. As noted by Samsung, courts within this Circuit have held that policies underlying arbitration law are based on ideas of judicial efficiency an economy, and that this can be a factor weighing in favor of a stay.[35] However, there is also a strong public interest in the expeditious resolution of litigation.[36] Indeed, this public interest is embodied in Rule 1 of the Federal Rules of Civil Procedure, stating that the Rules "should be construed and administered to secure the just, **speedy**, and inexpensive determination of every action and proceeding."[37] That interest is not served by staying the case.

In this case, Samsung's low likelihood of success on the merits also tilts the public interest against a stay. Public policies favoring arbitration and preservation of judicial resources are not served when it is likely that the case will ultimately be decided by the District Court. And the public interest favoring expeditious resolution of litigation would be harmed by delaying resolution on the merits.

---

[34] *Knutson*, 2014 U.S. App. LEXIS 21373 at *3.

[35] ECF 44:8-18.

[36] *See, e.g., Federal Sav. & Loan Ins. Com. v. Molinaro*, 889 F.2d 899, 903-04 (9th Cir. 1989) (public interest in expeditious resolution weighed against stay of civil case in light of parallel criminal proceedings); *U.S. ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp. 2d 758 (W.D. Tex. 2008) (same).

[37] Fed. R. Civ. P. 1 (emphasis added).

### III. CONCLUSION

The Ninth Circuit's recent ruling in *Knutson* strongly indicates that Samsung will not prevail on its interlocutory appeal. Under the circumstances, the balance of equities weighs against a stay, and the Court should deny Samsung's motion.

DATED: November 24, 2014

Respectfully submitted,

By: /s/ John R. Hurley
John R. Hurley

PROMETHEUS PARTNERS L.L.P.
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Telephone: 415.527.0255

Attorneys for Plaintiff Daniel Norcia