EDUARDO G. ROY (Bar No. 146316)
DANIEL C. QUINTERO (Bar No. 196492)
JOHN R. HURLEY (Bar No. 203641)
PROMETHEUS PARTNERS L.L.P.
220 Montgomery Street Suite 1094
San Francisco, CA 94104
Telephone: 415.527.0255

Attorneys for Plaintiff
DANIEL NORCIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a New York Corporation, and SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey Corporation,<br><br>　　　　　　　　Defendants. | Case No.: 3:14-cv-582-JD<br><br>**OPPOSITION OF PLAINTIFF DANIEL NORCIA TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　October 5, 2017<br>Time:　10:00 a.m.<br>Dept:　Courtroom 11<br>Judge:　Hon. James Donato<br><br>Complaint Filed:　February 7, 2014 |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1
II.  RELEVANT ALLEGATIONS. ............................................................................. 1
III. THE SECOND AMENDED COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR UNFAIR BUSINESS PRACTICES UNDER THE UCL. ........................ 3
IV.  CONCLUSION ...................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (2006) ............................................. 4

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) ............................... 4

*Cmty. Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886 (2001) .................. 4

*Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) .................................................................................................................................. 4

*FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233 (1972) ................................................................ 4

*Hutchinson v. AT&T Internet Servs., Inc.*, No. CV07-3674 SVW (JCx), 2009 WL 1726344 (C.D. Cal. May 5, 2009) ................................................................................................ 4

*In re Tobacco II Cases*, 46 Cal. 4th 298, 320-21 (2009) ............................................................... 6

*Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872 (2013) ................................................... 4

*McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, (2006) ............................................. 3

*Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735 (1980) .............................................. 3, 4

*Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987 (N.D. Cal. 2013) ....................................... 4

*Searle v. Wyndham Int'l, Inc.*, 102 Cal.App.4th 1327 (2002) ......................................................... 5

*Sevidal v. Target Corp.*, 189 Cal.App.4th 905 (2010) ................................................................ 6, 8

*Skold v. Intel Corp.*, case no, 1-05-CV-039231, Order re: Intel's Motion for Summary Judgment, or in the Alternative Summary Adjudication at 1 (May 15, 2014, Santa Clara Sup. Ct.) ............................................................................................................................. 7

*Smith v. Chase Mortg. Credit Group,* 653 F. Supp. 2d 1035 (E.D. Cal. 2009) ........................... 3

*State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1193 (1996) ..................................... 4

*Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305 (2009) ................................................... 3, 5

## STATUTES

Cal. Bus. & Prof. Code § 17200 ...................................................................................................... 3

Cal. Bus. & Prof. Code § 17204 ...................................................................................................... 5

## I. INTRODUCTION

Plaintiff acknowledges that in ruling on Samsung's Motion to Dismiss the Second Amended Complaint, the Court effectively foreclosed claims for relief based on direct, affirmative misrepresentations by Samsung. This leaves the fundamental question to be decided on Samsung's motion—whether Plaintiff's allegations can support a claim for relief even without a direct statement or representation from Samsung.  The answer is "yes"—at least with regard to a claim for unfair business practices under California's Unfair Competition Law ("UCL").[1]  Although Samsung couches its arguments in terms of duty, causation and reliance, these issues are largely irrelevant to a claim for unfair business practices.  In order to state such a claim, Plaintiff need only allege "some connection" between Samsung's unscrupulous conduct and resulting harm.  Plaintiff has done so and the Court should allow his case to proceed.

## II. RELEVANT ALLEGATIONS.

The essence of Plaintiff's Complaint is that Samsung intentionally misled the public about the characteristics and quality of its Galaxy S4 smartphones in order to boost sales and support a premium price point.[2]  Specifically at issue here, Plaintiff alleges that Samsung intentionally manipulated benchmarking apps in order to create a false impression regarding the speed and performance of the Galaxy S4.

On this issue of speed, Plaintiff alleges that Samsung programmed the phones to run at higher-than-normal speeds when they detected certain "benchmarking" apps.[3]  Benchmarking apps are performance-measuring tools used by reviewers and consumers to test and compare the speed and performance of smartphones and tablets—the apps generate a numerical score that can be used to directly compare the performance of one device to another.[4]

---

[1] Plaintiff acknowledges that without being able to state claims based on affirmative representations claims under the CLRA, for fraudulent business practices and false advertising, and common-law fraud are effectively foreclosed. Plaintiff respectfully disagrees with the Court's prior Order Granting Defendant's Motion to Dismiss (ECF 67) and its foreclosure of claims based on affirmative misrepresentation.   Nevertheless, Plaintiff does not intend to relitigate the issues decided in that motion here.

[2] 2nd. Am. Cplt. ¶¶ 1,4.

[3] 2nd. Am. Cplt. ¶ 2.

[4] 2nd. Am. Cplt. ¶ 2, 19.

1    As alleged, Samsung knew that when new mobile devices are released, reviewers use benchmarking apps to compare the performance of the devices to their predecessors and to the competition.[5]  Knowing this, Samsung programmed the S4 to operate at a higher speed when it detected certain benchmarking apps.

In versions of the S4 using the Qualcomm Snapdragon 600 processor, Samsung wrote code into the firmware (embedded software) of the S4 to automatically and immediately drive Central Processing Unit ("CPU") voltage/frequency to their highest state, and to immediately engage all four of the processing cores of the CPU.[6]  In versions of the S4 using the Samsung Exynos 5410 processor, the firmware also artificially boosts the performance of the Graphics Processing Unit ("GPU").  When benchmarking apps are detected, the GPU runs at a clock speed of 533MHz, while the speed of the GPU is limited to 480 MHz when running other apps.[7]  Samsung knew that the benchmarking apps were designed to mimic real-world performance, and by manipulating the benchmark apps, Samsung knew that it would create a false impression of the speed and performance of the Galaxy S4 relative to its competitors.[8]

By artificially manipulating the performance of the Galaxy S4 on benchmark tests, Samsung falsely represented the performance of its phones relative to those of its competitors.  Moreover, programmed the phones in this manner—and failed to disclose its programming—knowing that the manipulated benchmark test results would be communicated to consumers and would influence their buying decisions.[9]

In his Second Amended Complaint, Plaintiff asserts, among other claims for relief, that this conduct violates the UCL's prohibition on "unfair" business practices.[10]

---

[5] 2nd. Am. Cplt. ¶ 2, 19.
[6] 2nd. Am. Cplt. ¶ 20.
[7] 2nd. Am. Cplt. ¶ 21.
[8] 2nd. Am. Cplt. ¶ 24, 30.
[9] 2nd. Am. Cplt. ¶ 22, 30.
[10] 2nd. Am. Cplt. ¶¶ 65-66.

### III. THE SECOND AMENDED COMPLAINT ADEQUATELY ALLEGES A CLAIM FOR UNFAIR BUSINESS PRACTICES UNDER THE UCL.

Again, the fundamental issue to be decided is whether Plaintiff's allegations can support a claim for relief even without a direct statement or representation from Samsung to the Plaintiff. And again, the answer is "yes" with regard to a claim for unfair business practices under California's Unfair Competition Law ("UCL").[11]

The UCL does not proscribe specific acts, but broadly prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising … ."[12] "The scope of the UCL is quite broad. Because the statute is framed in the disjunctive, a business practice need only meet one of the three criteria to be considered unfair competition."[13] "Therefore, an act or practice is 'unfair competition' under the UCL if it is forbidden by law or, even if not specifically prohibited by law, is deemed an unfair act or practice."[14]

The "unfair" prong has been interpreted to allow courts maximum discretion to address improper business practices,[15] and no certain definition of "unfairness" in the consumer context has yet been formulated.[16] In the past, courts frequently used one of two tests. The first "involves an examination of [the practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer."[17] In brief, "the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim . . . ."[18] In the second, courts adopted language from FTC

---

[11] Plaintiff

[12] Cal. Bus. & Prof. Code § 17200.

[13] *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1471 (2006) (internal citations omitted).

[14] *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1335 (2009).

[15] *See Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980); *see, e.g., Smith v. Chase Mortg. Credit Group*, 653 F. Supp. 2d 1035, 1045-46 (E.D. Cal. 2009) (concluding that defendant's alleged violation of internal policy provides basis for unfairness claim).

[16] *See Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 1000 (N.D. Cal. 2013) ("California courts and the legislature have not specified which of several possible "unfairness" standards is the proper one."); *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 WL 3910169, at *11 (N.D. Cal. Oct. 5, 2010) ("California law is currently unsettled with regard to the correct standard to apply to consumer suits alleging claims under the unfair prong of the UCL.").

[17] *Motors, Inc.*, 102 Cal. App. 3d at 740.

[18] *State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal. App. 4th 1193, 1104 (1996)(citations omitted), disapproved in competitor context by *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th

guidelines, which define "unfair" conduct with reference to section 5 of the FTCA.[19] Under this test, a business act is "unfair" when it "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."[20]

Whichever test is applied, "[i]n general the 'unfairness' prong has been used to enjoin deceptive or sharp practices."[21] And whichever test is applied, it the statutory prohibition on unfair practices is liberally construed: "This [unfair] standard is intentionally broad, thus allowing courts maximum discretion to prohibit new schemes to defraud."[22]

Samsung's motion fundamentally raises issues of reliance and causation—arguing that Plaintiff does not allege actual reliance on Samsung's conduct nor that he would have seen complete representations from Samsung had they been made.[23] But requirements of reliance and causation are substantially lessened in a UCL claim, and Plaintiff's allegations are more than adequate to state a claim for relief.

Historically, the UCL authorized any person acting for the interests of the general public to sue for relief notwithstanding any lack of injury or damages.[24] In 2004, California voters approved Proposition 64, which amended the UCL to provide that a private person has standing to bring a UCL action only if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition."[25] Based on this amendment, the UCL does require a causal link between the

---

163, 185 (1999); *see also Hutchinson v. AT&T Internet Servs., Inc.*, No. CV07-3674 SVW (JCx), 2009 WL 1726344, at *8 (C.D. Cal. May 5, 2009) (applying the test).

[19] *See Hutchinson*, 2009 WL 1726344, at *8 (noting that California courts have adopted the FTC guidelines established in *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972)).

[20] *See Cmty. Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886, 894 (2001); *State Farm*, 45 Cal. App. 4th at 1104; *see also Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1270 (2006); *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 907-08 (2013) (holding that although "dual tracking" -- pursuing mortgage foreclosure while negotiating loan modification -- was not illegal when it occurred, legislature's subsequent prohibition supported grounds for allegation of "unfair" conduct; "while dual tracking may not have been forbidden by statute at the time, the new legislation and its legislative history may still contribute to its being considered 'unfair' for purposes of the UCL.").

[21] *Searle v. Wyndham Int'l, Inc.*, 102 Cal.App.4th 1327, 1334 (2002).

[22] *Id*.

[23] Motion pp. 2:20-3:3; 9:1-11:24.

[24] *Searle*, 102 Cal.App.4th at 1335.

[25] Cal. Bus. & Prof. Code § 17204; *see Troyk*, 171 Cal.App.4th at 1335.

defendant's conduct and some harm suffered by the plaintiff.  However, it is not the type of "but for," "actual reliance" found in tort law.

In the *Tobacco II* cases, the California Supreme Court considered whether the amendment of the UCL through Proposition 64 "introduced a tort causation element into UCL actions," answering in the nagative.[26]  Even within the context of "fraudulent" business practices, the Supreme Court held that while some form of "reliance" may be required, it is generally subsumed into the issue of materiality.[27]

Similarly, in the context of the "unfair" prong, the connection between the defendant's conduct and the harm alleged need not satisfy the "but for" causation found in tort law:

> [U]nder the UCL's statutory language, a person is entitled top restitution for money or property 'which may have been acquired' by means of the unfair or unlawful practice.  Although this standard focuses on the defendant's conduct and is substantially less stringent than a reliance or 'but for' causation test, it is not meaningless. … [T]he UCL … still require[s] some connection between the defendant's alleged improper conduct and the unnamed members who seek restitutionary relief.[28]

The issue then—for purposes of the present motion—is whether Plaintiff allegation that Samsung's benchmarking practices led to higher prices for consumers adequately alleges "some connection" to Samsung's conduct.[29]

In a case remarkably similar to this one, Judge Kirwan of the Santa Clara Superior Court held that benchmarking manipulation that allegedly resulted in higher consumer prices supported a claimed for unfair business practices under the UCL.  In that case, *Skold v. Intel Corp.*, the defendant allegedly manipulated benchmarking programs to create a false impression that the Pentium 4 processor was faster than in reality—"Plaintiffs allege that in order to 'falsely improve' the P4's poor performance scores, Intel secretly wrote benchmark tests that would give the P4 higher scores …."[30]  Like Plaintiff in this case alleges with respect to Samsung, the plaintiff in *Skold* alleged that Intel's benchmark manipulations

---

[26] *In re Tobacco II Cases*, 46 Cal. 4th 298, 320-21 (2009).

[27] *Id*. at 326-27.

[28] *Sevidal v. Target Corp.*, 189 Cal.App.4th 905, 924 (2010).

[29] *See id*.

[30] *Skold v. Intel Corp.*, case no, 1-05-CV-039231, Order re: Intel's Motion for Summary Judgment, or in the Alternative Summary Adjudication at 1 (May 15, 2014, Santa Clara Sup. Ct.).  A copy of this ruling is attached for the Court's convenience.

allowed Intel to charge an inflated price relative to competitors, and that consumers bore that cost.[31]

Similar to this case, the plaintiff in *Skold* originally asserted a range of claims under the UCL and CLRA.[32] By the time the case reached the summary judgment stage, the only remaining claims were for "unfair" business practices under the UCL.[33]

While the *Skold v. Intel* ruling came on summary judgment, the court considered the legal sufficiency of the allegations as well as the facts and evidence submitted. In bringing its motion, defendant Intel made an argument very similar to that made by Samsung in this case. Specifically, Intel argued that it was entitled to judgment in its favor because the "consumers who purchased P4 computers did not ever see or rely on the benchmarks Intel allegedly influenced" and that a "price inflation" theory "is not cognizable under the UCL."[34]

Before reaching the sufficiency of the evidence, the court in *Skold* squared the issue as whether there was "some connection" between the benchmarking practices and inflated prices to consumers.[35] And the court ultimately denied summary judgment when evidence raised a triable issue on allegations remarkably similar to those here—i.e., that Intel's benchmarking influenced the technical press, resulting in favorable reviews and a correlation to higher prices.[36]

The analysis used in *Skold* should guide the Court's analysis here. Plaintiff's fundamental allegation is that "Samsung intentionally cheated on benchmarking apps to create a false perception regarding the speed and performance of the Galaxy S4, to thereby increase the demand for its new devices, and to support a high price-point for these devices."[37] Thus, despite the lack of direct representations to Plaintiff, and despite the lack of actual reliance, Plaintiff has adequately alleged "some connection"[38] between Samsung's unfair conduct and monetary harm sufficient to support a claim for unfair business practices under the UCL, and Samsung's motion should be denied.

---

[31] *Id*. at 2.
[32] *Id*.
[33] *Id*. at 3-4.
[34] *Id*. at 6-7.
[35] *Id*. at 11.
[36] *Id*. at 14.
[37] 2nd. Am. Cplt. ¶ 4.
[38] *Sevidal*, 189 Cal.App.4th at 924.

Samsung's arguments do not change this result.  Samsung first argues that the Court already rejected claims based on direct representations to Plaintiff, and that in order to state an omissions-based claim for relief under the UCL in connection with a consumer sale, the omission must relate to a safety issue with the product. While Plaintiff does not allege a safety issue, this argument does not foreclose the third way discussed above. Where there is "some connection" between a defendant's unscrupulous conduct and harm to the Plaintiff, a claim may be stated under the "unfair" prong of the UCL even in this absence of direct representations or actionable omissions.

As discussed above, actual reliance and but-for causation are not elements of a claim under the "unfair" prong of the UCL. Plaintiff has alleged a connection between Samsung's unethical practices and consumer harm, and that is all he needs to allege.

## IV. CONCLUSION

As discussed herein, Plaintiff Norcia's Second Amended Complaint states a claim for relief under the "unfair" prong of the UCL, and he should be allowed to proceed on that claim.

DATED: September 9, 2017                              Respectfully submitted,


By:   /s/ John R. Hurley
      John R. Hurley

      PROMETHEUS PARTNERS L.L.P.
      220 Montgomery Street Suite 1094
      San Francisco, CA 94104
      Telephone: 415.527.0255

      Attorneys for Plaintiff Daniel Norcia