PAUL HASTINGS LLP
John P. Phillips (SBN 154412)
johnphillips@paulhastings.com
Sean D. Unger (SBN 231694)
seanunger@paulhastings.com
Sophie J. Sung (SBN 279056)
sophiesung@paulhastings.com
Kelly R. Winslow (SBN 287169)
kellywinslow@paulhastings.com
101 California Street, Forty-Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendants
Samsung Telecommunications America, LLC and
Samsung Electronics America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL NORCIA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | CASE NO. 3:14-cv-00582-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge:    Hon. James Donato<br><br>Complaint Filed:   February 7, 2014<br><br>Hearing Date:    October 5, 2017 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A. Plaintiff Concedes that Judgment Should be Entered on His CLRA, Common-Law Fraud, and "Unlawful" and "Fraudulent" UCL Claims................. 2

    B. Plaintiff's Decision To Abandon His Factually Identical Claims Require Dismissal of His "Unfair Prong" UCL Claim As Well. ......................................... 3

    C. Plaintiff Ignores Controlling Ninth Circuit Law that Requires Him To Allege the Omitted Information Relates to Product Safety. .................................. 4

    D. Controlling Ninth Circuit Authority Confirms that Plaintiff Must Plead Actual Reliance. ...................................................................................................... 5

        1. Plaintiff's "Some Connection" Argument Is Contrary to Controlling Law.............................................................................................................. 6

        2. Plaintiff's Remaining Claim In The SAC Is Predicated On An Alleged Omission. ................................................................................... 8

III. CONCLUSION ................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                   **Page(s)**

*Azoulai v. BMW of North America*,
  No. 16-cv-00589-BLF, 2017 WL 1354781 (N.D. Cal. April 13, 2017) .................................... 4

*Backhaut v. Apple, Inc.*,
  74 F. Supp. 3d 1033 (N.D. Cal. 2014) ................................................................................. 7, 8

*Daniel v. Ford Motor Co.*,
  806 F.3d 1217 (9th Cir. 2015) ........................................................................................ 1, 4, 6

*Davis v. RiverSource Life Ins. Co.*,
  240 F. Supp. 3d 1011 (N.D. Cal. 2017) .................................................................................. 7

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) ................................................................................................ 7

*English v. Apple Inc.*,
  No. 14-CV-01619-WHO, 2016 WL 1188200 (N.D. Cal. Jan. 5, 2016) ................................... 7

*Eurosemillas, S.A. v. PLC Diagnostics Inc.*,
  No. 17-CV-03159-MEJ, 2017 WL 3705057 (N.D. Cal. Aug. 28, 2017) ................................. 2

*Hadley v. Kellogg Sales Co.*,
  --- F. Supp. 3d ----, No. 16-CV-04955-LHK, 2017 WL 1065293 (N.D. Cal.
  Mar. 21, 2017) ......................................................................................................................... 3

*Hall v. Sea World Entertainment, Inc.*,
  No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ......................... 4

*Hodges v. Apple, Inc.*,
  640 F. App'x 687 (9th Cir. 2016) ........................................................................................ 4, 5

*Joseph v. Costco Wholesale Corp.*,
  No. 16-55370, 2017 WL 2364480 (9th Cir. May 31, 2017) .................................................... 7

*Kramer v. Toyota Motor Corp.*,
  668 F. App'x 765 (9th Cir. 2016) ............................................................................................ 4

*Kwikset Corp. v. Superior Court*,
  51 Cal. 4th 310 (2011) ............................................................................................................. 7

*L.A. Tax: Coop., Inc. v. Uber Techs., Inc.*,
  114 F. Supp. 3d 852 (N.D. Cal. 2015) .................................................................................... 3

*Leonberger v. Wells Fargo Bank*,
  No. 4:13-CV-01114, 2013 WL 3242298 (N.D. Cal. June 25, 2013) ....................................... 2

*Lusson v. Apple, Inc.*,
  No. 16-CV-00705-VC, 2016 WL 6091527 (N.D. Cal. Oct. 19, 2016) ........................................5

*Mariscal v. Graco, Inc.*,
  52 F. Supp. 3d 973 (N.D. Cal. 2014) .....................................................................................5

*Punian v. Gillette Co.*,
  No. 14-CV-05028-LHK, 2015 WL 4967535 (N.D. Cal. Aug. 20, 2015) .................................4

*Qureshi v. Countrywide Home Loans, Inc.*,
  No. C09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) ...........................2

*Sevidal v. Target Corp*,
  189 Cal. App. 4th 905 (2010) .................................................................................................7

*Skold v. Intel. Corp.*,
  Case No. 1-05-CV-039231 (Cal. Superior Ct.)........................................................................6

*Sloan v. General Motors LLC*,
  No. 16-cv-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ....................................4

*Sud v. Costco Wholesale Corp.*,
  229 F. Supp. 3d 1075 (N.D. Cal. 2017) ..................................................................................4

*Sue Shin v. Campbell Soup Co.*,
  No. CV 17-1082-DMG (JCX), 2017 WL 3534991 (C.D. Cal. Aug. 9, 2017)..........................3

*Swearingen v. Healthy Beverage, LLC*,
  No. 13-CV-04385-EMC, 2017 WL 1650552 (N.D. Cal. May 2, 2017) ...................................6

*Williams v. Yamaha Motor Co. Ltd.*,
  851 F.3d 1015 (9th Cir. 2015).............................................................................................1, 4

*Withers v. eHarmony, Inc.*,
  No. CV 09-2266-GHK (RCX), 2011 WL 8156007 (C.D. Cal. Mar. 4, 2011) ..........................9

*Zone Sports Ctr. Inc. LLC v. Red Head, Inc.*,
  No. 11-CV-00634-JST, 2013 WL 2252016 (N.D. Cal. May 22, 2013)....................................9

**STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................................3

## I. **INTRODUCTION**

Applying controlling Ninth Circuit authority to this Court's previous Order (Dkt. 67) and the remaining allegations in the operative Complaint, Samsung demonstrated in its Motion that judgment is warranted on Plaintiff's claims because he failed to allege (1) a duty to disclose a safety issue; and (2) that he would have seen representations from Samsung had they been made, and that he relied on the material completeness of Samsung's representations.

In his Opposition, Plaintiff concedes that the facts and law require judgment be entered on his CLRA, common-law fraud, and UCL benchmarking claims predicated on the "unlawful" and "fraudulent" prongs. Opposition to Motion for Judgment on the Pleadings ("Opposition"), Docket No. 98, at 1:7 n.1. Moreover, Ninth Circuit authority holds that Plaintiff may only pursue an omissions theory against a product seller like Samsung if the claimed omission is related to a safety issue. Plaintiff concedes that he "does not allege a safety issue[.]" *Id.* at 7:4. The Ninth Circuit also requires Plaintiff to identify the representation from Samsung that he supposedly relied upon and to allege that he believed it was materially complete. Again, Plaintiff concedes that there was a "lack of direct representations to Plaintiff" and no "actual reliance." *Id.* at 6:19-20. These concessions are dispositive of Plaintiff's remaining claims under controlling Ninth Circuit authority.

Despite these concessions and significant authority, Plaintiff argues that his case can still proceed because he has sufficiently alleged the only theory that he has not abandoned: violation of the "unfair prong" of the UCL. Opposition at 1, n.1; 6-7. He is wrong. In support, Plaintiff attaches a California trial court decision issued before the Ninth Circuit's decisions in *Williams* and *Daniel* to argue that his benchmarking claims may proceed so long as he alleges "some connection" to Samsung's alleged omission. *Id.* at 6:19-22. But this argument runs afoul of controlling authority because absent a representation from Samsung to Plaintiff (which does not exist here), the Ninth Circuit only permits an omissions claim to proceed if a plaintiff can allege "the existence of an unreasonable safety hazard." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1025 & n.6 (9th Cir. 2015). Likewise, the Ninth Circuit holds that "[a]n *essential* element for a fraudulent omission claim is actual reliance." *Daniel v. Ford Motor Co.*, 806 F.3d 1217,

1225 (9th Cir. 2015) (emphasis added).  In other words, regardless of which UCL label Plaintiff applies to his remaining claim, he has conceded the inability to allege the facts required for it to proceed.  Having conceded that his CLRA, common-law fraud, and "unlawful" and "fraudulent" UCL claims fail, his "unfair" UCL claim must fail too because it is based on identical factual and legal theories.  In short, for multiple, independent reasons, judgment should be entered.

## II.  ARGUMENT

### A. **Plaintiff Concedes that Judgment Should be Entered on His CLRA, Common-Law Fraud, and "Unlawful" and "Fraudulent" UCL Claims.**

On the first page of his Opposition, Plaintiff concedes that his Consumers Legal Remedies Act ("CLRA") and common-law fraud claims should be dismissed:  "Plaintiff acknowledges that without being able to state a claim based on affirmative representations[,] claims under the CLRA, for fraudulent business practices and false advertising, and common-law fraud are effectively foreclosed."  Opposition at 1, n.1.  Plaintiff also makes no effort to defend his "unlawful" and "fraudulent" UCL claims; therefore, those should be dismissed as well for the reasons Samsung discussed at length in its moving papers.  *See* Motion for Judgment on the Pleadings ("Motion") at 3-11; *see also Leonberger v. Wells Fargo Bank*, No. 4:13-CV-01114, 2013 WL 3242298, at *4 (N.D. Cal. June 25, 2013) (noting that UCL's three prongs are separate, and "a complaint must provide facts to describe the manner in which the conduct was unlawful, unfair or fraudulent").

Based on the new concessions in Plaintiff's Opposition, the Court now has an additional reason to dismiss the remaining claims in the Second Amended Complaint ("SAC").  This Court has routinely recognized that where a party acknowledges a claim should be dismissed or does not defend a claim when challenged by motion, the Plaintiff "concedes [the unaddressed] claim must be dismissed with prejudice."  *See Eurosemillas, S.A. v. PLC Diagnostics Inc.*, No. 17-CV-03159-MEJ, 2017 WL 3705057, at *3 n.2 (N.D. Cal. Aug. 28, 2017); *see also Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) ("In his opposition, Plaintiff fails to address any of the other allegations alleged in his TILA claim. . . .The Court construes his failure to do as an abandonment of those claims.") (citing

1   *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095, n.4 (9th Cir. 2005) ("Jenkins abandoned her
2   other two claims by not raising them in opposition to the County's motion for summary
3   judgment."). Consistent with this authority, Samsung therefore asks this Court to dismiss with
4   prejudice Plaintiff's CLRA, "unlawful" and "fraudulent" prong UCL claims, as well as the
5   common-law fraud claims he has now abandoned in the litigation.

6         **B.**    **Plaintiff's Decision To Abandon His Factually Identical Claims Require Dismissal of His "Unfair Prong" UCL Claim As Well.**
7

8         Having conceded that his CLRA, common-law fraud, and UCL claims based on the
9   "fraudulent" and "unlawful" prongs are barred by Ninth Circuit authority and cannot survive, this
10  Court should likewise dismiss Plaintiff's UCL claim predicated on the "unfair prong" because it
11  is based on the same theory and operative facts. "[C]ourts in this district have held that where the
12  unfair business practices alleged under the unfair prong of the UCL overlap entirely with the
13  business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong
14  of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive."
15  *Hadley v. Kellogg Sales Co.*, --- F. Supp. 3d ----, No. 16-CV-04955-LHK, 2017 WL 1065293, at
16  *20 (N.D. Cal. Mar. 21, 2017); *see also Sue Shin v. Campbell Soup Co.*, No. CV 17-1082-DMG
17  (JCX), 2017 WL 3534991, at *8 (C.D. Cal. Aug. 9, 2017) (same); *L.A. Tax: Coop., Inc. v. Uber
18  Techs., Inc.*, 114 F. Supp. 3d 852, 867 (N.D. Cal. 2015) (same).

19        Here, since the inception of this case – and as reflected in the SAC and this Court's
20  previous rulings – Plaintiff has predicated his claims on misrepresentation and omission theories
21  of liability. *See, e.g.*, Complaint, Docket No. 1, ¶¶ 53-55, 60, 61, 68; SAC, Docket No. 51 at ¶¶
22  58-60, 65-66, 73; Order at 1:13-14. For example, focusing on Samsung's alleged use of third-
23  party benchmarking applications, Plaintiff pleads that "[t]he conduct of Samsung alleged herein
24  constitutes unlawful *and unfair* business practices in violation of the UCL, Bus. & Prof. Code
25  § 17200, *et seq.*, in that the violations of the CLRA also constitute unlawful and unfair business
26  practices under the UCL." SAC, Docket No. 51, at ¶ 65 (emphasis added). For its part, this
27  Court also has recognized that Plaintiff's remaining omissions claims are based on the same set of
28  operative facts relating to the alleged use of applications that created a false perception about the

1  Galaxy S4's performance.  *See generally* Order re Defendants' Motion to Stay and Dismiss

2  ("Order"), Dkt. 67, at 9.  And since Plaintiff has now conceded that his CLRA, common-law

3  fraud, and "fraudulent" and "unlawful" UCL claims cannot survive, his UCL claim based on the

4  "unfair" prong must also be dismissed because it is based on the same operative allegations.  *See*

5  *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *12 (N.D. Cal. Aug. 20,

6  2015) ("[B]ecause Plaintiff's unfair prong of the UCL claim is similarly premised on the

7  allegation that Defendants knowingly concealed a product defect from consumers, either at the

8  time of sale or at the time of any allegedly false or misleading representations, the unfair prong of

9  the UCL claim suffers from the same defect as the FAL and the CLRA causes of action.").  For

10 this independent reason, Plaintiff's remaining claim directed to the "unfair" prong of the UCL

11 should be dismissed.

      **C.**      **Plaintiff Ignores Controlling Ninth Circuit Law that Requires Him To Allege the Omitted Information Relates to Product Safety.**

14 Beyond the dispositive effect of his concessions, Plaintiff's Opposition is noteworthy

15 because it completely fails to address the four Ninth Circuit and numerous district court cases that

16 require dismissal of his remaining claims because they do not plead a safety issue relating to his

17 Galaxy S4.  Specifically, Samsung cited *Williams* and *Daniel*, *supra*, other Ninth Circuit

18 precedent, as well as recent district court cases to confirm that, absent an affirmative

19 representation, where a plaintiff seeks to proceed on an omissions theory on a UCL claim

20 (regardless of which prong is invoked), the allegedly omitted information must relate to a safety

21 hazard.  *See Kramer v. Toyota Motor Corp.*, 668 F. App'x 765, 766 (9th Cir. 2016); *Hodges v.*

22 *Apple, Inc.*, 640 F. App'x 687, 690 (9th Cir. 2016); *Sloan v. General Motors LLC*, No. 16-cv-

23 07244-EMC, 2017 WL 3283998, at *5 (N.D. Cal. Aug. 1, 2017); *Azoulai v. BMW of North*

24 *America*, No. 16-cv-00589-BLF, 2017 WL 1354781, at *8 (N.D. Cal. April 13, 2017); *Sud v.*

25 *Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1086 (N.D. Cal. 2017); and *Hall v. Sea World*

26 *Entertainment, Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911, at *6 (S.D. Cal. Dec. 23,

27 2015).  Otherwise, there is no duty to disclose and thus no claim.  *See* Motion at 6:6-8:28.

In Opposition, Plaintiff ignores this significant authority and concedes that: "Plaintiff does not allege a safety issue." Opposition at 7:4. And while the failure to contest controlling authority binds Plaintiff, *see Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 984 (N.D. Cal. 2014) ("Defendant moves for summary judgment on Plaintiff's claims for breach of warranty. Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims."), his concessions confirm that Plaintiff cannot plead – or ever satisfy – an essential element of each cause of action in the SAC. For this independent reason, judgment should be entered.

Indeed, this outcome is not altered by Plaintiff's argument that his case is now limited to the UCL's "unfair" prong. Although Plaintiff provides a hornbook overview of California's UCL law, *see* Opposition at 3-4, it is incomplete. None of the basic propositions he discusses address the Ninth Circuit's holding that when an "omissions" theory is alleged, the "unfair" prong analysis is the same as the other UCL prongs. "[T]he failure to disclose a fact that a manufacturer does not have a duty to disclose . . . . does not constitute an unfair or fraudulent practice." *Wilson*, 668 F.3d at 1145-46 n.5 (dismissing UCL "unfair" prong claim for same reasons CLRA claim dismissed). Put differently, the absence of an allegedly incomplete representation[1] or safety issue – neither of which Plaintiff can allege – "rules out any omission-based theories of relief arising under . . . any prong of the Unfair Competition Law." *Lusson v. Apple, Inc.*, No. 16-CV-00705-VC, 2016 WL 6091527, at *3 (N.D. Cal. Oct. 19, 2016); *see also Hodges*, 640 F. App'x at 690.

### D. Controlling Ninth Circuit Authority Confirms that Plaintiff Must Plead Actual Reliance.

As a final argument, Plaintiff tries to circumvent the significant body of Ninth Circuit and district court authority that requires dismissal of his SAC by claiming that he is not obligated to plead reliance for his omissions theory so long as he can show "some connection" between the alleged omission and his alleged injury. Opposition at 6:5-7:10. While this Court need not

---

[1] The Court has already held that Norcia has alleged no partial representation theory. *See* Order at 11:6-8 ("[T]he Court has already found that defendants have made no representations relating to benchmarking whatsoever, so there is no partial representation on this issue.").

address this argument given that Plaintiff has conceded he has not pled required elements, Plaintiff's argument fails because he once again ignores controlling Ninth Circuit authority and cites to a state trial court opinion that is factually inapposite and does not address the legal issues that control the outcome of Samsung's Motion.

### 1. Plaintiff's "Some Connection" Argument Is Contrary to Controlling Law.

Plaintiff supports his "some connection" argument focused on the "unfair" prong of the UCL by citing to a California trial court's decision in *Skold v. Intel. Corp.*, Case No. 1-05-CV-039231 (Cal. Superior Ct.). Opposition at 5:16-7:7. As an initial matter, the *Skold* decision is factually inapposite because – unlike this case – Intel was alleged to have "secretly wrote benchmark tests," which they "released and marketed" as "'new' benchmarks" and affirmatively "passed off those new benchmarks to the market as developed by seemingly independent" third parties in addition to alleged omissions. Appendix to Opposition ("*Skold*"), at 1-2.[2] Plaintiff does not allege those facts here.

Moreover, Plaintiff cites *Skold* for a legal proposition that is contrary to significant authority. Specifically, Plaintiff argues that he need not show reliance under the "unfair" prong, but only "some connection" between him and the alleged wrongdoing. Opposition at 6:12. Plaintiff is mistaken. Courts "reject[]" the claim "that reliance need not be shown for their claims arising under the 'unlawful' prong *or any other prong of the UCL*." *Swearingen v. Healthy Beverage, LLC*, No. 13-CV-04385-EMC, 2017 WL 1650552, at *4 (N.D. Cal. May 2, 2017) (emphasis added). "The California Supreme Court has made it clear that, regardless of which prong of the UCL a plaintiff asserts, when the basis of the UCL claim is a claim of misrepresentation, a plaintiff must demonstrate actual reliance." *Id.* (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326, 327 (2011)); *see also Daniel*, 806 F.3d at 1225 (confirming

---

[2] Contrary to Plaintiff's claim, *see* Opposition at 5:16-18, the trial court in *Skold* did not address the merits of Plaintiff's "unfair prong" claim. In fact, it expressly declined to do so because the issue has not been raised. *See Skold* at 6 n.11 ("Intel's motion relates only to the issues of causation and entitlement to remedies, not to whether its benchmarking practices are 'unfair' in violation of the UCL.").

1  that "[a]n essential element" of a UCL claim predicated on an alleged omission "is actual

2  reliance"); *Joseph v. Costco Wholesale Corp.*, No. 16-55370, 2017 WL 2364480, at *1 (9th Cir.

3  May 31, 2017) ("The district court properly granted summary judgment on Joseph's UCL claims

4  because Joseph failed to raise a genuine dispute of material fact as to whether he relied on the

5  absence of a country of origin marking before purchasing atorvastatin from defendant Costco.").[3]

6        Consistent with this authority, in cases pursuing relief under the "unfair" prong of the

7  UCL, the Court in *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033 (N.D. Cal. 2014), explained that

8  "California courts have held that when the 'unfair competition' underlying a plaintiff's UCL

9  claim consists of a defendant's misrepresentation or omission, a plaintiff must have actually

10  relied on the misrepresentation or omission, and suffered economic injury as a result of that

11  reliance, to have standing to sue," a rule applied "under all three prongs of the UCL[.]" *Id*. at

12  1047, 1048, 1049 (dismissing claims). The Court in *Davis v. RiverSource Life Ins. Co.*, 240 F.

13  Supp. 3d 1011 (N.D. Cal. 2017), likewise held that a plaintiff "must establish reliance under the

14  unlawful and unfair prongs where, as here, the gravamen of the claim is based on alleged

15  misrepresentation." *Id.* at 1017 (finding standing lacking) (citations omitted); *see also English v.

16  Apple Inc.*, No. 14-CV-01619-WHO, 2016 WL 1188200, at *12 (N.D. Cal. Jan. 5, 2016)

17  (dismissing claims; "Courts require a showing of reliance from named plaintiffs asserting UCL

18  claims based on alleged misrepresentations irrespective of which of the UCL's prongs the claims

19  are brought under.").

---

[3] Plaintiff also cites *Sevidal v. Target Corp*, 189 Cal. App. 4th 905 (2010), *see* Opposition at 5, n.28, 6, n.38, but fails to put *Sevidal* in context. He frames *Sevidal* as discussing the "unfair" prong, *see* Opposition at 5:7-8, but that was not the court's focus. *Sevidal* affirmed the *denial* of class certification in a UCL case, and the passage Plaintiff invokes addresses what (under California's class certification requirements) a Plaintiff must show as to *absent* class members to obtain certification. *See* Opposition at 5:12-13. *Sevidal* itself acknowledged that it was discussing a standard that differed between the named plaintiff and the absent class members. *Sevidal*, 189 Cal. App. 4th at 924. As the cases discussed above confirm, however, when analyzing what a named UCL plaintiff must plead, California law confirms he must plead reliance when the claim is based on a misrepresentation *or omission*. *Kwikset*, 51 Cal. 4th at 326-327 & n.9; *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) ("A consumer's burden of pleading causation in a UCL action should hinge on the nature of the alleged wrongdoing rather than the specific prong of the UCL the consumer invokes.").

In sum, Plaintiff's Opposition does not addresses the significant authority which holds that if a claim is predicated on a misrepresentation *or an omission* – as is the case here – a plaintiff who pursues a UCL claim based on the "unfair" prong must plead reliance. Plaintiff cannot allege this important requirement, so his remaining claim should be dismissed with prejudice for this reason as well.

### 2.   **Plaintiff's Remaining Claim In The SAC Is Predicated On An Alleged Omission.**

Plaintiff's case has always been predicated on alleged misrepresentation or omission relating to the alleged use of certain benchmarking applications. Indeed, the Order dismissing Plaintiff's affirmative misrepresentation claims begins as follows: "This case is a consumer class action alleging misrepresentations and omissions by the defendants about the speed, performance, and memory capacity of their Galaxy S4 smartphone[.]" Order at 1:13-14. Plaintiff's Opposition brief to this Motion states that "[t]he essence of Plaintiff's Complaint is that Samsung intentionally misled the public[.]" Opposition at 1:13. Plaintiff noted in the last case management conference statement: "… that in connection with the marketing and advertising of the Galaxy S4, Samsung made false and misleading statements and/or omitted material facts[.]" Docket No. 90 at 1:15-18. And, the Second Amended Complaint makes similar claims. *See, e.g.,* SAC, at ¶ 38 ("At no time prior to purchase did Samsung disclose to Plaintiff Norcia. . . ."); ¶ 44.c ("Whether Samsung's statements, conduct and/or omissions were material"); ¶ 60 ("Plaintiff and the Class relied on Samsung's misrepresentations and omissions in deciding whether to purchase the Galaxy S4.").

Since Plaintiff's case theory is limited to an asserted omission directed to the alleged benchmarking practices (*see* Order at 14:22-15:7), the authority discussed above requires Plaintiff to plead reliance. *See, e.g.*, *Backhaut*, 74 F. Supp. 3d at 1047-49. Samsung cited law in its moving papers explaining how in an omissions case "actual reliance" could be alleged. *See* Motion at 9:9-11:2. Samsung will not repeat that discussion here. Suffice it to say, Plaintiff does not dispute the law nor suggest that he alleges or could allege what it requires. He does not contest that to plead actual reliance on an omission he was required to plead that had Samsung

disclosed the omission, he would have seen it and acted differently. *See Withers v. eHarmony, Inc.*, No. CV 09-2266-GHK (RCX), 2011 WL 8156007, at *3 (C.D. Cal. Mar. 4, 2011) ("Given that Plaintiff never reviewed the terms and conditions, he cannot establish that had the information been included he would have been aware of it and behaved differently."). To the contrary, Plaintiff concedes that there is a "lack of actual reliance" alleged in his Complaint. Opposition at 6:20. That concession binds him here. *See Zone Sports Ctr. Inc. LLC v. Red Head, Inc.*, No. 11-CV-00634-JST, 2013 WL 2252016, at *7 n.7 (N.D. Cal. May 22, 2013) ("The Court considers the factual statements of Plaintiffs' counsel to be judicial admissions, as 'statements of fact contained in a brief may be considered admissions of the party in the discretion of the district court.'") (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir.1988)). Once again, Plaintiff's concessions provide another independent basis to enter judgment for Samsung.

## III. CONCLUSION

For the reasons stated above and in the moving papers, Defendants respectfully request that this Court grant their Motion for Judgment on the Pleadings.

DATED: September 22, 2017           PAUL HASTINGS LLP

By: _____/s/ John P. Phillips_____
       John P. Phillips

Attorneys for Defendants
Samsung Telecommunications America, LLC and
Samsung Electronics America, Inc.