UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL NORCIA,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, et al.,<br><br>    Defendants. | Case No. 14-cv-00582-JD<br><br>**ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 94 |

The parties' familiarity with the facts and procedural background of this case is assumed. The operative complaint is the second amended class action complaint. Dkt. No. 51. In the order granting and denying in part defendants' motion to dismiss that complaint, the Court ruled that "[p]laintiff has adequately alleged a fraudulent omission for the CLRA, UCL and common law fraud claims." Dkt. No. 67 at 13. For that conclusion, the Court relied on *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1174 (2015), to "reject[] defendants' argument that Samsung's duty to disclose here was limited to defects relating to safety concerns." *Id*. at 10.

Samsung's motion for judgment on the pleadings, Dkt. No. 94, which is the motion at issue here, is at heart a motion for reconsideration of the dismissal order. Samsung contends that the Court missed the mark in relying on *Rutledge* to hold that a manufacturer's duty of disclosure was not limited to safety issues only. *Id*. at 3. In response, plaintiff voluntarily abandoned several claims that the Court had allowed to proceed, and opposes the motion solely on the basis of his unfair business practice claim under California's Unfair Competition Law. Dkt. No. 98. Plaintiff re-confirmed in a supplemental brief for this motion that he has limited his case to a "claim for 'unfair' business practices" only. Dkt. No. 128 at 5.

As these developments unfolded, the Ninth Circuit issued a highly relevant decision in *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018), which the parties discussed in supplemental briefs. Dkt. Nos. 126, 128. Plaintiff says that *Hodsdon* interpreted *Rutledge* in the same way as this Court to find that there can be a duty to disclose in the absence of safety issues. Samsung argues otherwise.

*Hodsdon* has effectively affirmed the Court's application of *Rutledge*. As *Hodsdon* held:

> The recent California cases show that *Wilson*'s safety hazard pleading requirement is not necessary in *all* omission cases, but that the requirement may remain applicable in some circumstances. In other words, *Collins* and *Rutledge* are not necessarily irreconcilable with *Wilson* because, where the challenged omission does not concern a central functional defect, the plaintiff may still have to plead a safety hazard to establish that the defendant had a duty to disclose.

891 F.3d at 864 (emphasis in original).

The reference to *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012), is particularly telling because Samsung relies on it to argue that an omission, to be actionable, must at all times relate to a safety concern. Dkt. No. 94 at 6-8. Although *Hodsdon* declined to "consider whether the later state-court cases have effectively overruled *Wilson*," it made crystal clear that "*Wilson*'s safety hazard pleading requirement is not necessary in *all* omission cases." 891 F.3d at 862-64. As the Court has already determined, this is one of those cases where it is not necessary. The challenged omission here goes directly to the Samsung cell phone's central function. As noted in the Court's previous order, the gravamen of plaintiff's case is that Samsung engaged in omissions relating to the Galaxy S4 smartphone's speed and performance, and more specifically, that Samsung "intentionally programmed the Galaxy S4 to fool benchmark apps and to create false perceptions regarding the speed and performance of these devices." Dkt. No. 67 at 1-2; *see also* Dkt. No. 51 ¶ 2.

No reasonable person could disagree that "speed and performance" go to the heart of a smartphone's central function. Manufacturers like Samsung and its competitors typically highlight speed and performance features as reasons to buy their phones and not someone else's products, particularly when new models hit the market. Plaintiff has clearly alleged that representations about the Samsung phone's speed and performance were exactly the statements he

2

relied upon to buy the Galaxy S4 when it debuted in 2013. "Samsung intentionally cheated on benchmarking apps to create a false perception regarding the speed and performance of the Galaxy S4, to thereby create PR 'buzz' to increase the demand for its new devices, and to support a high price-point for these devices -- all to the detriment of the buying public." Dkt. No. 51 ¶ 30. Plaintiff also alleges that "[a]fter the Galaxy S4 was announced, and in advance of purchasing," he "read online reviews of the Galaxy S4, including reviews that discussed the Galaxy S4's speed and performance on benchmark tests." *Id*. ¶ 37. He quotes several articles that discussed the results of these benchmark tests, and the Galaxy S4's speed and performance generally, which demonstrate just how important these features are in a smartphone. *Id*. ¶¶ 26-27.

Consequently, there is no reason to disturb the Court's conclusion in the motion to dismiss order that Samsung's failure to disclose its alleged manipulation of the Galaxy S4's performance on benchmarking apps is actionable. That manipulation was a material fact not known to plaintiff and, as alleged, was within the exclusive knowledge of Samsung. Plaintiff has adequately alleged an omission of a fact that Samsung was obliged to disclose, a conclusion strongly supported by our circuit's guidance in *Hodsdon*.

Plaintiff has also adequately alleged that Samsung's conduct was "unfair" under the UCL. As *Hodsdon* noted, "the proper definition of 'unfair' conduct against consumers 'is currently in flux' among California courts." 891 F.3d at 866. In that case, the parties had argued unfairness under the competing tests in both *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*, 20 Cal. 4th 163 (1999), and *South Bay Chevrolet v. General Motors Acceptance Corporation*, 72 Cal. App. 4th 861 (1999). *Id*. at 866. But *Hodsdon* expressly observed that "[t]he *Cel-Tech* test did not apply to actions by consumers," even though some California courts have extended the *Cel-Tech* definition of unfairness to consumer actions anyway. *Id*.

Significantly, *Hodsdon* applied the *South Bay* test -- which dictates that "unfair" conduct occurs when the alleged practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" -- and held that "Mars' failure to disclose information it had no duty to disclose in the first place is not

3

substantially injurious, immoral, or unethical." *Id*. at 867.  The implication of that holding is that in cases like this one, where the defendant had a duty to disclose, a failure to make the disclosure can satisfy the *South Bay* definition of "unfairness" and form the basis of an actionable "unfair" claim under the UCL.

Samsung's motion for judgment on the pleadings is denied for plaintiff's "unfair" claim under the UCL.  The Court grants defendants' motion for plaintiffs' Consumer Legal Remedies Act claim, common law fraud claim, and "unlawful" and "fraudulent" UCL claims, solely on the basis of plaintiff's express non-opposition to defendants' motion for those claims.

**IT IS SO ORDERED.**

Dated: October 1, 2018

JAMES DONATO
United States District Judge

4